DORA BARRICK, Appellant, v MERYLE BARRICK, as Administratrix of the Estate of ROBERT BARRICK, Deceased, Respondent.

First Department, November 24, 1981

APPEARANCES OF COUNSEL

*May Glazer* for appellant.

*Fred Gardner* for respondent.

OPINION OF THE COURT

LUPIANO, J.

Robert Barrick, the decedent herein, was 46 years old and had been a practicing attorney in New York for over 20 years at the date of his death on November 8, 1979. Prior to November, 1974, the decedent borrowed $35,000 from his mother, plaintiff Dora Barrick, and on November 1, 1974, executed a promissory note in her favor in the amount of $35,000, payable 60 days from date. The note does not provide for interest. Decedent paid his mother $210 per month. During his lifetime he maintained a savings account in trust for plaintiff which at the time of his death had a $65,000 balance.

Decedent's surviving spouse Meryle Barrick was appointed administratrix of his estate, decedent having died intestate, and in her representative capacity is the defendant herein.

Plaintiff commenced the instant action to recover on the note by motion for summary judgment in lieu of complaint. Defendant contends that the note was paid in that she delivered the passbook for the Totten trust to the plaintiff after decedent's death and an estate tax waiver covering same. In support of this defense, defendant avers "that the decedent had indicated to her that this account, set up in trust for his mother, was the method for such repayment of the aforesaid note, and to provide for his mother's support in the event of his death". She also avers on information and belief that "plaintiff knew or clearly should have known that the method of repayment for the said note was the aforesaid savings account".

A motion for summary judgment searches the record and a party who opposes summary judgment must reveal his proofs in order to show that matters set up in defense are real and can be established upon a trial. (See *Di Sabato v Soffes,* 9 AD2d 297; *Holdridge v Town of Burlington,* 32 AD2d 581.)

The Totten trust set up by the decedent is a tentative one, revocable at will. "[T]he *gift* becomes complete only at the instant of death, and during the depositor's lifetime the beneficiary's interest is a mere expectancy and not a vested legal right" (61 NY Jur, Trusts, § 110; emphasis supplied; see *Matter of Totten,* 179 NY 112, 125-126). Upon decedent's death, the presumption arises that the gift is complete and an irrevocable trust was created as to the balance on hand. It is defendant's contention that part of this trust is not a gift, but constitutes payment of the obligation represented by the promissory note. "To constitute payment there must be a delivery by the debtor or his representative to the creditor or his representative of money or some other valuable thing for the purpose of extinguishing the debt and the creditor must receive it for the same purpose * * * Hence, a transfer of money or other property does not result in payment without an agreement between

the debtor and his creditor that it shall have that effect" (43 NY Jur, Payment, § 1).

The record is devoid of any demonstration of mutual intent or agreement by the parties — the debtor and creditor or authorized representative — that the plaintiff's exercise of her vested right to the ostensible gift of the trust corpus would constitute acknowledgement of payment of the note. No writing or action by either decedent or plaintiff is advanced as indicative of such an agreement other than defendant's assertion that "the decedent had indicated to her that this account * * * was the method for such repayment of the aforesaid note". This void is highly significant in that decedent was a practicing attorney.

As to the issue of interest, it is recognized that "where an instrument makes no provision for interest, interest is only recoverable from the date of maturity. This is interest by way of damages". (32 NY Jur, Interest and Usury, § 24.) Thus, plaintiff is entitled only to interest at the legal rate from the date of maturity of the promissory note. Whether the $210 per month payments by decedent to his mother constitute payment of interest on the note or are solely support payments is a factual issue in view of the conflicting contentions of the parties.

Accordingly, the order of the Supreme Court, New York County (OSTRAU, J.), entered May 20, 1981, which denied plaintiff's motion for summary judgment in lieu of complaint, should be modified, on the law, to the extent of granting plaintiff partial summary judgment for the face value of the note, and, as so modified, the order should be affirmed, without costs and disbursements.

MURPHY, P. J. (dissenting in part). Evidence, otherwise relevant and competent upon a trial or hearing, but subject to exclusion on objection under the Dead Man's Statute (CPLR 4519), should not predetermine the result on summary judgment in anticipation of the objection. The evidence, which might be excluded at trial under the Dead Man's Statute, may be considered to defeat a motion for summary judgment. (*Phillips v Kantor & Co.,* 31 NY2d 307, 309, 310.)

The defendant stated in her affidavit that decedent had told her that he had set up the Totten trust to repay the plaintiff upon the promissory note. While defendant's testimony might be excluded at trial under the Dead Man's Statute, it is presently sufficient to create an issue of fact and to defeat the plaintiff's motion for summary judgment. Although title to the funds vested in the plaintiff upon the decedent's death (EPTL 7-5.2, subd [4]), a critical question of fact still remains as to whether the Totten trust was opened with the intention of repaying the promissory note. As the majority correctly notes, an additional question of fact exists as to whether the payments of $210 per month constituted interest or support payments to the plaintiff.

The plaintiff's motion for summary judgment should be denied in its entirety.

KUPFERMAN, J. (dissenting in part). I dissent and would affirm. The majority opinion fairly sets forth the facts.

The decedent left to his mother by way of a Totten trust a very substantial amount of money, more than enough, if so applied, to pay off the promissory note executed in her favor. We are unable, at this stage, to determine what the arrangements may have been between the mother and son. To suggest that because the decedent son was a practicing attorney, he should have dealt with his mother at arm's length, is an interesting suggestion; but one that has little relationship to reality. (Cf. Book of Judges, ch 17, verse 3.)

SULLIVAN and CARRO, JJ., concur with LUPIANO, J.; MURPHY, P.J., and KUPFERMAN, J., dissent in part in separate opinions.

Order, Supreme Court, New York County, entered on May 20, 1981, modified, on the law, to the extent of granting plaintiff partial summary judgment for the face value of the note, and, as so modified, the order is affirmed, without costs and without disbursements.