■ Harold Birnbaum, Respondent, v Pennsylvania Avenue Associates et al., Appellants, et al., Defendants.—In an action to recover the unpaid balance of moneys due under an assumption agreement and promissory note, the defendants Pennsylvania Avenue Associates and J. Herbert Allen appeal from (1) an order of the Supreme Court, Nassau County (Lockman, J.), dated October 8, 1985, which granted the plaintiff's motion for summary judgment, and (2) a judgment of the same court, entered October 23, 1985, which is in favor of the plaintiff and against them in the principal amount of $60,674, and the defendant Pennsylvania Avenue Associates appeals, as limited by its brief, from so much of an order of the same court, dated April 8, 1986, as upon reargument, adhered to its original determination.

Ordered that the appeals by the defendant, J. Herbert Allen, are dismissed, for failure to perfect the same in accor-

dance with the rules of this court (22 NYCRR 670.20 [d], [f]); and it is further,

Ordered that appeal by Pennsylvania Avenue Associates from the order dated October 8, 1985 is dismissed; and it is further,

Ordered that the appeal by Pennsylvania Avenue Associates from the judgment entered October 23, 1985 is dismissed; and it is further,

Ordered that the order dated April 8, 1986 is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by the defendant Pennsylvania Avenue Associates.

The appeal from the intermediate order dated October 8, 1985 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The appeal from the judgment must be dismissed as that judgment was superseded by the order dated April 8, 1986, made upon reargument. The issues raised on appeal from the order dated October 8, 1985 and the judgment are brought up for review and have been considered on the appeal from the order dated April 8, 1986 (CPLR 5501 [a] [1]; 5517).

We affirm the order dated April 8, 1986 for reasons stated by Justice Lockman at Special Term. We simply add that Special Term properly awarded the plaintiff interest, as a form of damages, based on the defendants' failure to honor the promissory note and to remit payment on the date the note matured (see, CPLR 5001; Barrick v Barrick, 83 AD2d 290, appeal dismissed 56 NY2d 802). Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.