■ Elisabeth S. Crady et al., Respondents-Appellants, v George Newcomb et al., Appellants-Respondents.—Order insofar as it denied defendants' motion to dismiss complaint and dismissed plaintiffs' claim for money damages unanimously affirmed; cross appeal unanimously dismissed as moot, all without costs. Memorandum: Subsequent to entry of the order restraining defendants from violating the village zoning ordinance and directing them to reduce the number of dwelling units from 5 to 2, the Village Zoning Board of Appeals granted defendants a variance permitting a five-unit apartment use on their property. Defendants' appeal from the grant of injunctive relief was thereby rendered moot, and that portion of their appeal is dismissed (see, Yuelys v Grigonis, 112 AD2d 157; O'Reilly v City of Fulton, 91 AD2d 835; 4 NY Jur 2d, Appellate Review, §§ 301, 326). Were we to reach the issue, we would affirm. The uncontroverted proof demonstrated that the prior nonconforming use of defendants' building had been altered and expanded in violation of the ordinance.

Dismissal of the money damages claim was proper. The building now owned by defendants had been converted to a five-unit apartment dwelling and 4 of the 5 units had been occupied prior to plaintiffs' purchase. Plaintiffs' appraiser opined that the existence of a five-unit apartment diminishes the value of adjacent property, in plaintiffs' case by about $30,000. Because a diminution in value presumably also ex-

isted at the time of purchase, plaintiffs presented no proof that they suffered any damages by continuance of that use. Moreover, the appraiser's opinion was not supported by any market data information or explanation of adjustments and comparisons and thus was lacking in probative value *(see, Matter of County Dollar Corp. v City of Yonkers,* 97 AD2d 469, *lv dismissed* 61 NY2d 759; *City of Buffalo v Diocese of Buffalo,* 42 AD2d 817). Plaintiffs failed to raise a triable issue of fact as to damages, and defendants were entitled to summary judgment dismissing that claim.

We further conclude that the denial of defendants' motion to dismiss the complaint should be affirmed. As owners of adjacent land, plaintiffs are presumed to have standing to enjoin a violation of the ordinance regardless of whether the value of their property interests was harmed by the violation *(Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406). (Appeals from order of Supreme Court, Yates County, Reed, J.—summary judgment.) Present—Doerr, J. P., Denman, Boomer, Green and Balio, JJ.

■ MARINE MIDLAND BANK, N. A., Respondent-Appellant, v 281 GROTON CORPORATION, Appellant-Respondent, and NORTH STAR REALTY CORP., Respondent.—Order insofar as appealed from unanimously modified on the law and as modified affirmed without costs, and matter remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Defendant, 281 Groton Corporation, appeals and plaintiff, Marine Midland Bank, N. A., cross-appeals from those parts of an order that denied each party's motion for summary judgment in this dispute over entitlement to a sum of money presently being held in an escrow account pursuant to an agreement by the parties. Plaintiff claims that it is entitled to the entire sum as past-due accrued interest on two promissory notes. Defendant argues that it is entitled to the entire sum because plaintiff agreed in subsequent transactions to limit defendant's liability to a sum already paid by defendant and, in the alternative, that plaintiff was entitled to postmaturity interest at the statutory judgment rate only. If interest on the notes was calculated at the statutory judgment rate, defendant claims entitlement to 98.3% of the moneys held in escrow.

In our view, defendant is entitled to summary judgment on its alternative theory. "It is the settled law in this State that, *in the absence of other agreement by the parties,* 'where one contracts to pay a principal sum at a certain future time with

interest, the interest prior to the maturity of the contract is payable by virtue of the contract, and, thereafter as damages for breach of the contract.' * * * After maturity, in the absence of other agreement, the interest is computed as damages according to the rate then *prescribed by law,* whether that is more or less than the contract rate" *(Metropolitan Sav. Bank v Tuttle,* 290 NY 497, 500 [emphasis in original]; *see also, Barrick v Barrick,* 83 AD2d 290, 292, *appeal dismissed* 56 NY2d 802; *Stull v Feld,* 34 AD2d 655, 656; 32 NY Jur, Interest and Usury, § 13, at 30-33). In the instant case, because the promissory notes do not provide for a postmaturity rate of interest, plaintiff is entitled to interest at the statutory judgment rate unless plaintiff proved an agreement of the parties to a higher rate. That plaintiff failed to do. None of the documents evidencing the 1979 transactions between the parties provides for a rate of interest. Therefore, we remit the matter to Special Term to calculate interest due plaintiff at the statutory rate (CPLR 5004 [6% before June 25, 1981 and 9% thereafter]) and to distribute the proceeds of the escrow account. (Appeals from order of Supreme Court, Onondaga County, Reagan, J.—summary judgment.) Present—Doerr, J. P., Denman, Boomer, Green and Balio, JJ.