■ MATTHEW J. BECKER et al., Respondents, v EMPIRE OF AMERICA FEDERAL SAVINGS BANK, Formerly EMPIRE OF AMERICA, FSA, et al., Appellants.—Order and judgment modified on the law and as modified affirmed without costs, and matter remitted to Supreme Court, for further proceedings, in accordance with the following Memorandum: Following the settlement of a class action commenced by mortgagors in their individual and representative capacities against defendant-banks, counsel for plaintiffs made an application for attorney's fees. The court, after a hearing, awarded plaintiffs' attorney a fee of $40,000 plus disbursements. The amount awarded for disbursements is not in issue. However, defendants argue that the award of counsel fees is excessive and without support in the record. We agree.

Following judgment in a class action, the court may grant attorney's fees to the representatives of the class "based on the reasonable value of legal services rendered" (CPLR 909). Although the court enjoys broad discretion in making this award, "the discretion is not unlimited" *(Matter of Rahmey v Blum,* 95 AD2d 294, 300). The court must consider many relevant and significant factors when evaluating a fee request *(see, Friar v Vanguard Holding Corp.,* 125 AD2d 444, 447).

Initially, the court must determine the number of hours reasonably expended from contemporaneous time sheets. "The hours claimed need not be automatically accepted and if inadequately documented, should be disallowed" *(Matter of Rahmey v Blum, supra,* at 300). Hours which reflect duplication of services, inefficiency, or padding should be disallowed, and it is necessary to differentiate between time expended for in-court services, time expended for out-of-court services, and time spent on clerical tasks *(Matter of Rahmey v Blum, supra,*

at 300-301). Moreover, the award of attorney's fees should be "reasonable in relation to the results obtained" *(Hensley v Eckerhart,* 461 US 424, 440).

Here, plaintiffs' attorney's contemporaneous time sheets indicate that he spent a total of 140.4 hours on this class action litigation. In addition, he requested reimbursement for work performed by another attorney who was not the attorney-of-record, nor was he associated with plaintiffs' attorney. The court awarded compensation for 200 hours at the rate of $200 per hour. However, the court failed to differentiate between in-court, out-of-court, and clerical time, and improperly awarded the same rate of compensation for each hour spent. The court further abused its discretion by awarding compensation for legal work performed by the other attorney because that work reflected duplication of services, inefficiency, and padding.

Moreover, the rate of $200 per hour awarded by the court is excessive and does not reflect "the customary fee charged for similar services by lawyers in the community with like experience and of comparable reputation to those by whom the prevailing party was represented" *(Matter of Rahmey v Blum, supra,* at 302). In support of his request to be compensated at an hourly rate of $250, plaintiffs' attorney submitted only the affidavit of a defense attorney, prepared in the course of an entirely different case, wherein he indicated that his hourly rate was $200. However, that attorney is a member of a large law firm, while plaintiffs' attorney is a sole practitioner. In our view, plaintiffs' attorney should have been compensated at a maximum rate of $150 per hour for in-court time, and less for out-of-court time and time spent performing clerical tasks *(see, Cefali v Buffalo Brass Co.,* 748 F Supp 1011).

We further conclude that the court abused its discretion by making defendants' liability for the award of counsel fees joint and several. There is no indication here that defendants engaged in concerted action *(cf., Ravo v Rogatnick,* 70 NY2d 305, 309-310). The award of attorney's fees should be apportioned among the settling defendants according to each defendant's share of the total value of the claims which were disposed of by the settlement agreement.

Because the court failed to consider the relevant factors when making this award of counsel fees, failed to distinguish between in-court, out-of-court and clerical time, and failed to apportion the award among the settling defendants, the matter must be remitted for further proceedings.

All concur, except Pine, J., who dissents in part, in the following Memorandum.

Pine, J. (dissenting). I respectfully dissent. In my view, Supreme Court did not abuse its discretion in computing the award of counsel fees (see generally, *Matter of Rahmey v Blum*, 95 AD2d 294, 299-300; see also, *Friar v Vanguard Holding Corp.*, 125 AD2d 444, 447). The record before us, which includes the time records of plaintiffs' attorney and the transcript of the fee hearing, is complete. Because the majority disagrees with Supreme Court, it should make its own findings with respect to the appropriate attorney's fees, particularly in light of the fact that the Justice who decided the case is no longer in office.

In addition, there is no support in the record for the majority's conclusory statement that the hours of legal work performed by an attorney who assisted plaintiffs' counsel but who was not associated with him "reflected duplication of services, inefficiency, and padding." Moreover, there is no logical basis for precluding compensation for legal work done in plaintiffs' employ and at the direction of plaintiffs' counsel. Thus, I disagree with the majority's conclusion that the court abused its discretion by awarding compensation for that legal work.

I further disagree with the majority that the award of counsel fees should be apportioned among the settling defendants according to the total value of the claims against them. Although I agree with the majority that Supreme Court erred in holding that defendants' liability for counsel fees should be joint and several, I find it inequitable to apportion the attorney's fees according to the value of the claims because the burden would disproportionately benefit those defendants who, fortuitously, are subject to fewer claims from the plaintiff class. The issue was identical with respect to all defendants and the legal work performed by plaintiffs' attorney was determined by the strength of the opposition on that issue. In fact, the opposition mounted by the various defendants was not proportionate to their potential monetary exposure, and, indeed, counsel for a defendant with a potentially de minimis exposure appears to have taken a leading role. Thus, the liability for the award of counsel fees should be divided equally among the settling defendants. (Appeals from Order and Judgment of Supreme Court, Erie County, Ostrowski, J.—Attorney's Fees.) Present—Doerr, J. P., Boomer, Pine, Balio and Lawton, JJ.