■ WILLIAM J. BURKE et al., Respondents, v MATTHEW T. CROSSON, as Chief Administrator of the Courts of the State of New York, and as Representative of the Administrative Board of the Judicial Conference of the State of New York, et al., Appellants. (Appeal No. 2.) [595 NYS2d 274] —Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: The court abused its discretion in awarding plaintiffs counsel fees, pursuant to 42 USC § 1988, in the sum of $13,125. The court failed to provide a clear explanation for the amount of the fee awarded *(see, Hensley v Eckerhart,* 461 US 424, 437; *Matter of Rahmey v Blum,* 95 AD2d 294, 305). As a result, there is no indication that the court considered the factors relevant to an award of counsel

fees *(see, Becker v Empire of Am. Fed. Sav. Bank,* 177 AD2d 958) or made an award that is " 'reasonable in relation to the results obtained' " *(Becker v Empire of Am. Fed. Sav. Bank, supra,* at 959, quoting *Hensley v Eckerhart, supra,* at 440).

Further, we agree with defendants' contention that plaintiffs' application for attorneys' fees is not supported by adequate documentation. Plaintiffs failed to submit contemporaneous time sheets detailing the number of hours reasonably expended and differentiating among time expended for in-court services, out-of-court services and clerical tasks *(see, Becker v Empire of Am. Fed. Sav. Bank, supra; Matter of Rahmey v Blum, supra,* at 300-301). Plaintiffs' attorney also failed to present documentary support for his request to be compensated at the hourly rate of $125 per hour for all services. The record fails to establish that the requested hourly rate reflects " 'the customary fee charged for similar services by lawyers in the community with like experience and of comparable reputation to those by whom the prevailing party was represented' " *(Becker v Empire of Am. Fed. Sav. Bank, supra,* at 959, quoting *Matter of Rahmey v Blum, supra,* at 302).

The matter is remitted for a calculation of the amount of counsel fees to be awarded to plaintiffs, if any, based upon a consideration of the relevant factors and supported by adequate documentation. Further, following its determination of plaintiffs' application, the court must provide a "concise but clear explanation of its reasons for the fee award" *(Hensley v Eckerhart, supra,* at 437). (Appeal from Order of Supreme Court, Onondaga County, Pooler, J.—Attorneys' Fees.) Present —Callahan, J. P., Green, Pine, Doerr and Boomer, JJ. *[See,* 152 Misc 2d 158.]