■ Peter N. Wells, Respondent-Appellant, v Matthew T. Crosson, as Chief Administrator of the Courts of the State of New York and as Representative of the Administrative Board of the Judicial Conference of the State of New York, et al., Appellants-Respondents. [621 NYS2d 974] —Order and judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court properly applied section 224 of the Judiciary Law and section 983 of the Tax Law in calculating plaintiff's damages. Interest on the damage award, however, should have been calculated from the date that liability was established *(see, Rohring v City of Niagara Falls,* 84 NY2d 60, 68; *Love v State of New York,* 78 NY2d 540, 544-545). Thus, we modify the order and judgment by directing that interest be computed from March 11, 1992.

We further modify the order and judgment by vacating the award of attorney's fees and remit the matter for further proceedings on plaintiff's fee application. Plaintiff's counsel failed to submit adequate documentation detailing the hours expended or the services rendered *(see, Burke v Crosson,* 191 AD2d 998; *Matter of Rahmey v Blum,* 95 AD2d 294, 300-301). Further, the record fails to establish that the requested hourly rate of $125 per hour for all services reflects " 'the customary fee charged for similar services by lawyers in the community with like experience and of comparable reputation to those by whom the prevailing party was represented' " *(Matter of Rahmey v Blum, supra,* at 302, quoted in *Burke v Crosson, supra,* at 999). (Appeals from Order and Judgment of Supreme Court, Onondaga County, Murphy, J.—Attorney's Fees.) Present—Green, J. P., Balio, Wesley, Callahan and Doerr, JJ.