Bernard ROSENBACH, Plaintiff,

v.

Aaron GREEN, Defendant.

No. 93 Civ. 3546 (DC).

United States District Court, S.D. New York.

Oct. 12, 1995.

Bernard Rosenbach, Newton Heights, PA, pro se.

Aaron Green, New York City, pro se.

### MEMORANDUM DECISION

CHIN, District Judge.

This diversity case was tried to the Court without a jury on August 24 and September 12, 1995. Both parties are *pro se*. Pursuant to Rule 54 of the Federal Rules of Civil Procedure, the following constitute my findings of fact and conclusions of law.

## I. FINDINGS OF FACT

### A. Background

Plaintiff Bernard Rosenbach's mother, Mae Rosenbach, died in 1961. Mr. Rosenbach was one of the beneficiaries of his mother's estate. Defendant Aaron Green, Mr. Rosenbach's brother-in-law, was appointed the executor of the estate. After the final distribution of the assets of the estate, Mr. Rosenbach asked Mr. Green's brother to invest his share of the estate and Mr. Green's brother did so, in conservative investments such as certificates of deposit.

### B. The Real Estate Venture and the $297,888.10 "Loan"

In 1982, Mr. Green entered into a contract to acquire certain real property at 43 West 61st Street, which he intended to develop, together with a joint venturee, into residential condominium apartments. Pursuant to the limited partnership agreement, Mr. Green was required to provide $500,000 as a capital investment. Mr. Rosenbach agreed to invest the money that he had invested through Mr. Green's brother in the project.

Mr. Rosenbach and Mr. Green decided that Mr. Rosenbach would invest by lending the money to Mr. Green to enable him to meet the capital funds requirement; both agreed that this would be better for Mr. Rosenbach than if he participated as a limited partner. Mr. Rosenbach consequently transferred $297,888.10 to Mr. Green, who in turn used the funds toward meeting the $500,000 capital fund. Mr. Green also executed a promissory note, dated December 12, 1982, in favor of Mr. Rosenbach. (PX J). The note stated that it was payable "June 15, 1983 after date" at European American Bank, Franklin Square, New York. The blank in the form for the rate of interest was not filled in. Mr. Green testified that he saw this as a "personal obligation" irrespective of whether the real estate venture turned a profit.

On or about June 15, 1983, Mr. Green executed a second note, in the amount of $300,000, which apparently was intended to supersede the first note. No additional funds were paid to Mr. Green for the second note. At trial, Mr. Rosenbach took the position that the second note was of no force and effect, and Mr. Green was willing to accept that. The second note, however, did provide for interest (two percent over Chemical Bank's prime rate) as well as a percentage of any distributions from the real estate venture.

Unfortunately, the project did not generate a profit. In the fiscal year 1993, Mr. Green was required to contribute an additional $334,000 in capital to the project. The last partnership report shows an accumulated loss as of September 1993 of $180,738. There were also accounts payable due and owing at that time. At no time did Mr. Green receive any distribution from the project. Although his office did receive an "overhead contribution" from approximately 1982 to approximately 1986, those funds were used to provide, among other things, construction management and sales services. Mr. Green did not receive any salary from these funds. Mr. Green's capital investments of $500,000 (of which $297,888.10 came from Mr. Rosenbach) and $334,000 were never returned to him.

Over the course of two and a half years, Mr. Green made payments totaling approximately $80,000 to Mr. Rosenbach on account of the "loan." [1] At trial, Mr. Green testified that he felt obliged to pay to Mr. Rosenbach the sum of $220,000, which reflected the principal that he "borrowed" in 1982 less the $80,000 in payments. Essentially, he testified that although the original intent was that Mr. Rosenbach was in effect a limited partner, entitled to his share of profits and responsible for his share of losses to the extent of his initial investment, he nonetheless felt obliged for personal reasons to repay Mr. Rosenbach his loan of $297,888.

Although Mr. Green took the position at trial that no interest was due on the loan, the evidence showed that the parties intended otherwise. While the December 15, 1982

---

1. Mr. Rosenbach testified on his case that Mr. Green had made payments in the aggregate of

"well under $100,000."

promissory note contains no rate in the blank for interest, the subsequent June 15, 1983 note specifies that interest be paid.[2] Moreover, on March 12, 1987, Mr. Green wrote a letter to Mr. Rosenbach reiterating his obligation: "I must pay you the amount you invested plus interest (per the note). I am trying to find out the prime rates for this period from the bank and establish the amount owing and arrange for payment." (PX C). Finally, Mr. Green admitted at his deposition that he was required to pay interest on the promissory note. (Dep. 94).[3]

## C. The $25,000 Loan

At trial, Mr. Rosenbach alleged that Mr. Green borrowed $25,000 sometime prior to the December 15, 1982 promissory note transaction.[4] Although the $25,000 obligation was never reduced to a written agreement or promissory note, Mr. Green acknowledged the indebtedness at his deposition. First, Mr. Green admitted that the loan was made and never repaid. (Dep. 96–98). Second, Mr. Rosenbach offered as Plaintiff's Exhibit E a handwritten schedule of interest and payments that was due under the $25,000 loan. At his deposition, Mr. Green admitted that this document, which was marked at his deposition as Defendant's Exhibit C, was prepared and written by him. (Dep. 95). Mr. Green personally prepared the interest calculations and outstanding balances set forth therein. (*Id.*). Finally, Mr. Rosenbach testified at trial that this loan was never repaid. (Tr. 27–28).

## II. CONCLUSIONS OF LAW

On the basis of the findings set forth above, I conclude that Mr. Green is indebted to Mr. Rosenbach, on account of the $297,888.10 loan, the principal amount of $217,888.10, which reflects payments of $80,000.

The sole legal issue before this Court is whether Mr. Rosenbach is entitled to interest on the outstanding principal. New York

courts have generally awarded interest from the date of maturity on past due contracts. *See Metropolitan Sav. Bank v. Tuttle*, 290 N.Y. 497, 49 N.E.2d 983 (1943); *Birnbaum v. Pennsylvania Ave. Assocs.*, 128 A.D.2d 747, 513 N.Y.S.2d 457 (2d Dep't 1987) (upholding interest on a matured promissory note); *Barrick v. Barrick*, 83 A.D.2d 290, 444 N.Y.S.2d 98 (1st Dep't 1981). "After maturity, in the absence of other agreement, the interest is computed as damages according to the rate then prescribed by law, whether that is more or less than the contract rate." *Tuttle*, 290 N.Y. at 500, 49 N.E.2d at 984. Interest subsequent to the date of the promissory note's maturity is recoverable not under the note, but as damages for breach of the note. *Birnbaum*, 128 A.D.2d at 748, 513 N.Y.S.2d at 458.

Accordingly, Mr. Rosenbach is entitled to interest on the unpaid balance of $217,888.10 at the legal rate from the date of the note's maturity, i.e., June 15, 1983. At trial, neither party presented precise evidence of when payments were made against the December 15, 1982 note. Annexed to the complaint, however, is a schedule of interest calculations and payments made between 1991 and 1993. The payments listed, which totaled $57,000, were apparently a portion of the $80,000 repaid to Mr. Rosenbach, and I will assume that the balance of $23,000 was paid in installments after the last date on the schedule. Specifically, I assume that Mr. Green paid $10,000 on December 1, 1993, $10,000 on June 1, 1994, and $3,000 on December 1, 1994. Applying the legal rate of nine percent, N.Y. Civ. Prac. L. & R. 5004 (McKinney 1992), I find that Mr. Green must pay Mr. Rosenbach $327,964.70 in interest on the December 12, 1982 promissory note.

I also find that Mr. Green is indebted to Mr. Rosenbach for the $25,000 loan, which was made independently of the promissory note. Because both parties agree that the $25,000 loan was made and never repaid, Mr.

---

**2.** Although both parties now take the position that the June 15, 1993 note is non-enforceable, the provision for interest in the note shows that the parties intended that the "loan" would carry interest.

**3.** "Dep." refers to the deposition of Mr. Green conducted on June 27, 1994 and received in evidence at trial as Plaintiff's Exhibit G.

**4.** Neither party provided evidence as to the actual date the $25,000 loan was made.

**1248**

Green is obligated to repay the principal on the loan.

Mr. Green must also pay Mr. Rosenbach interest on the $25,000 loan. The handwritten schedule, which was prepared by Mr. Green himself, reflects a balance due of $74,516.34 as of March 6, 1993. (PX E). Mr. Green computed the sum, which is almost three hundred percent of the original principal, based on a calculation of the amount due compounded with money market rate interest over the course of the loan. Since Mr. Rosenbach offered this exhibit, I will utilize the rates set forth therein (which are more favorable to Mr. Green than the legal rate). Since the calculations only cover the period through March 6, 1993, I further award Mr. Rosenbach $5,514.10 in interest from March 7, 1993 through October 12, 1995, using the last enumerated money market rate on the schedule.

I find, however, that Mr. Green is not liable to Mr. Rosenbach with respect to the other claims alleged in the complaint: (i) breach of fiduciary duty; (ii) conversion of partnership proceeds; (iii) fraud; and (iv) unjust enrichment. At trial, Mr. Rosenbach did not prove any of these claims. Hence, those claims will be dismissed.

### III.  CONCLUSION

Judgment will be entered in favor of Mr. Rosenbach in the amount of $625,883.24, except that the claims for breach of fiduciary duty, conversion, fraud and unjust enrichment are dismissed with prejudice. The Clerk of the Court is directed to enter judgment accordingly. No costs are to be assessed.