■ CARROLL AIR SERVICES, INC., Respondent, v NORTHLAND AVIATION et al., Appellants. [638 NYS2d 815] —Mercure, J. P. ■

In April 1994, plaintiff commenced this action for judgment upon an instrument for the payment of money only by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. Plaintiff supported its motion with (1) a March 17, 1993 letter, signed by plaintiff and defendant Northland Aviation, Inc. (sued as Northland Aviation), in which Northland's indebtedness to plaintiff was fixed at $47,310.25 as of that date, (2) a March 23, 1993 instrument executed by Northland's principal, defendant Pablo Rivera, whereby Rivera guaranteed any and all of Northland's past, present or future indebtedness to plaintiff, together with lawful interest thereon and expenses of collection, including reasonable counsel fees, and (3) an affidavit of plaintiff's president fixing the balance due as of March 24, 1994 at $30,088.65. Defendants opposed the motion with a four-sentence affidavit of Rivera, which failed to raise a material question of fact. By order dated July 21, 1994, Supreme Court granted plaintiff's motion. Defendants' August 15, 1994 motion for reconsideration of plaintiff's summary judgment motion was denied by Supreme Court on October 12, 1994 and has not been appealed.

On December 20, 1994, defendants made a further motion, denominated one for a stay of execution and a hearing on damages, in which they made their first submission of competent facts in opposition to plaintiff's motion for summary judgment. Properly treating it a successive motion for reconsideration, Supreme Court denied the motion by order entered February 10, 1995. Defendants filed a notice of appeal with respect to that order but have advanced no claim in their brief that Supreme Court erred in denying their motion, thereby abandoning that branch of their appeal. On February 27, 1995, Supreme Court entered judgment in favor of plaintiff against defendants in the amount of $29,088.64 (reflecting a $1,000 payment received subsequent to commencement of the action), together with interest of $14,194.97 as of February 9, 1995 and counsel fees of $2,440. Defendants appeal.

Stripping their argument of all impermissible references to evidence submitted on their unsuccessful motion of December 20, 1994, defendants have raised no persuasive contentions with regard to the principal component of Supreme Court's

judgment. We are persuaded, however, that Supreme Court erred in its award of interest and counsel fees. First, nothing contained in the record substantiates plaintiff's claim that defendants agreed, expressly or impliedly, to pay interest on the unpaid balance at the rate of 18% per annum. Accordingly, interest should have been awarded at the legal rate (see, *Marine Midland Bank v 281 Groton Corp.*, 142 AD2d 941) from the date of the March 23, 1993 instrument, which was signed by Rivera both individually and on behalf of Northland and which we therefore construe as imposing liability upon both defendants for payment of interest and counsel fees. However, in the absence of contemporaneous time records or, for that matter, any showing of the legal services necessarily rendered on plaintiff's behalf, the time expended or the applicable hourly rate, there was no basis for the award of counsel fees made by Supreme Court (see, *Wells v Crosson*, 210 AD2d 932; *Matter of Phelan v Ferlisi*, 173 AD2d 621).

Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded interest and counsel fees to plaintiff; award of interest modified so as to award interest at the legal rate from March 23, 1993; and, as so modified, affirmed. Ordered that the order is affirmed, without costs.