[640 NYS2d 339]

DANIEL S. DICKINSON, JR., et al., Appellants-Respondents, v MATTHEW T. CROSSON, as Chief Administrator of the Courts of the State of New York, et al., Respondents-Appellants. (Action No. 1.)

JOHN M. THOMAS, Appellant-Respondent, v MATTHEW T. CROSSON, as Chief Administrator of the Courts of the State of New York, et al., Respondents-Appellants. (Action No. 2.)

MARTIN E. SMITH et al., Appellants-Respondents, v MATTHEW T. CROSSON, as Chief Administrator of the Courts of the State of New York, et al., Respondents-Appellants. (Action No. 3.)

Third Department, April 4, 1996

**APPEARANCES OF COUNSEL**

*Julian & Pertz, P. C.,* Utica *(Robert F. Julian* of counsel), for appellants-respondents.

*Michael Colodner,* New York City *(John J. Sullivan* and *John Eiseman* of counsel), for Matthew T. Crosson, respondent-appellant.

*Dennis C. Vacco, Attorney-General,* Albany *(Frank K. Walsh* and *Peter H. Schiff* of counsel), for State of New York, respondent-appellant.

**OPINION OF THE COURT**

CASEY, J.

Plaintiffs in these three actions are present and former Judges of the Family Court, Surrogate's Court and County Court of Broome County. They seek declaratory and monetary relief based upon claims that the disparity in pay for the respective offices in Broome County as compared to other counties in the State violates the Equal Protection Clause. After issue was joined in the actions, the parties cross-moved for summary judgment. Supreme Court granted defendants' motions as to plaintiffs' causes of action based upon the pay disparity between Broome County and those counties located in the First and Second Departments. As to the remaining causes of action, Supreme Court denied all parties' motions for summary judgment.

Plaintiffs thereafter moved to amend their complaints to add causes of action which seek pay parity with their counterparts in Onondaga County and to renew their motions for summary judgment. Supreme Court granted the motions to amend the complaints and the renewal motions. Upon renewal, Supreme Court granted summary judgment to plaintiffs on their claims for pay parity with their counterparts in Onondaga County. These cross appeals ensued.

In each action, defendants* begin their arguments by asserting that it is "questionable" whether plaintiffs' motion to renew should have been granted. Defendants do not, however, assert the renewal motion issue as a separate ground for reversal, but instead focus on other issues. Accordingly, we will not review Supreme Court's exercise of discretion in granting the renewal motions.

In each action, defendants raise a Statute of Limitations argument, which they concede was previously rejected by this Court in *Davis v Rosenblatt* (159 AD2d 163, 169, *appeal dismissed* 77 NY2d 834, 79 NY2d 822, *lv denied* 79 NY2d 757). We see no reason to revisit the issue (*see, Deutsch v Crosson*, 171 AD2d 837, 838-839, *lv denied* 78 NY2d 857) and conclude that none of the claims are time barred.

■ Next, we agree with defendants that plaintiffs' claims which concern their counterparts in Onondaga County are irrelevant to these pay disparity disputes. Pursuant to the relevant statutes, there is no pay disparity between the Broome County plaintiffs and their Onondaga County counterparts

---

* Defendant Chief Administrator of the Courts of the State of New York takes only the limited position that the salaries of all full-time Judges of the Family Court, Surrogate's Court and County Court should be equal.

(*see*, Judiciary Law §§ 221-d, 221-e, 221-f). Plaintiffs contend, however, that pursuant to court orders, their Onondaga County counterparts are receiving greater salaries. Thus, for example, in action No. 1, the Broome County Family Court Judge plaintiffs contend that Family Court Judges in Onondaga County are receiving pay at a greater level based upon a judicial determination that the pay disparity between the Family Court Judges in Onondaga County and the Family Court Judges in Erie and Monroe Counties violated the Equal Protection Clause (*see*, *Barth v Crosson*, 199 AD2d 1050). Relying upon the doctrine of collateral estoppel, plaintiffs in action No. 1 contend that because Family Court Judges in Broome County were placed by the Legislature in the same salary class as Family Court Judges in Onondaga County, and because a violation of the Equal Protection Clause occurred when the Legislature placed the Family Court Judges of Onondaga County in a different salary class than the Family Court Judges of Erie and Monroe Counties, it follows that the Broome County Family Court Judges are entitled to the same relief as the Onondaga County Family Court Judges.

We disagree with plaintiffs' claim. Collateral estoppel applies, *inter alia*, only when the identical issue was necessarily decided in the prior action and is decisive in the present action (*see, e.g.*, *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664). It is well established that in cases involving an equal protection challenge to a statutory pay disparity based upon geographical classification, the dispositive issue is whether there is a rational basis for the territorial distinction (*see, e.g.*, *Davis v Rosenblatt*, 159 AD2d 163, 170, *supra*). The issue of whether there is a rational basis for a pay disparity between Onondaga County and certain other counties is not, in our view, identical to the issue of whether a rational basis exists for a pay disparity between Broome County and the same other counties. Nor is the finding that there is no rational basis for pay disparity between Onondaga County and Monroe and Erie Counties dispositive of the issue concerning the existence of a rational basis for the pay disparity between Broome County and Monroe and Erie Counties. Resolution of plaintiffs' pay disparity claims raised in these three actions depends upon various facts and circumstances peculiar to Broome County, which were not at issue in the claims asserted by the Onondaga County plaintiffs in the prior actions. Plaintiffs' right to relief in each of these actions, therefore, depends upon the sufficiency of the proof submitted in support of the particular pay

disparity claim and not upon the collateral estoppel effect of prior cases involving Onondaga County.

■ In action No. 1, the Family Court Judge plaintiffs contend that they are entitled to summary judgment on their claim that no rational basis exists for the pay disparity between Broome County and Erie and Monroe Counties. The affidavit of plaintiffs' expert in support of their renewal motion contains an analysis of relevant statistical data, including the consumer price index and the median price of a family home. The analysis reveals only small differences in the relevant statistics for Broome, Erie and Monroe Counties, differences which plaintiffs' expert described as statistically insignificant. In the absence of any evidence to the contrary from defendants, we are of the view that the Family Court Judge plaintiffs are entitled to summary judgment on their causes of action which seek pay parity with the Family Court Judges in Erie and Monroe Counties.

We reach a different conclusion in action No. 2, wherein the Broome County Surrogate seeks pay parity with his Dutchess County counterpart. The analysis of plaintiff's expert reveals a more significant difference between the consumer price index for Broome County and Dutchess County, and an even larger difference in the median price for a home in the two counties. The higher cost of living, including the substantially higher housing cost, provides a rational basis for the geographically disparate salaries (*see, Burke v Crosson*, 213 AD2d 963, 964). The same conclusion is required in action No. 3, wherein past and present County Court Judges of Broome County seek pay parity with their Albany County counterparts. Although the cost of living difference between Broome County and Albany County revealed by plaintiffs' evidence is not as great as the difference for Broome County and Dutchess County, we conclude that the difference is sufficient to provide the necessary rational basis for the geographically disparate salaries (*see, supra*, at 964).

Based upon the foregoing analysis, the order and judgment in action No. 1 should be modified to grant plaintiffs pay parity with the Family Court Judges of Erie and Monroe Counties, and the remaining orders and judgments should be affirmed.

MIKOLL, J. P., CREW III and WHITE, JJ., concur.

Ordered that the order and the order and judgment in action No. 1 are modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' motion for summary judgment on the third and fourth causes of action in the amended

complaint; summary judgment granted to plaintiffs on the third and fourth causes of action, it is declared that the legislation establishing a salary disparity between the Family Court Judges of Broome County and the Family Court Judges of Erie and Monroe Counties violates plaintiffs' rights to equal protection of the laws, defendants are henceforth directed to pay the Family Court Judges of Broome County salaries which are equal to the salaries of Family Court Judges of Erie and Monroe Counties, defendants are directed to pay plaintiffs in action No. 1 back pay equal to the difference between their salaries as Family Court Judges and the salaries paid to Family Court Judges of Erie and Monroe Counties, beginning October 1, 1978 or the date of their commencement of service, whichever is later, with interest at the statutory rate, and defendants are directed to make payments or contributions to plaintiffs' pensions and other benefits to reflect the increase in salary; and, as so modified, affirmed.

Ordered that the order and the order and judgment in action No. 2 are affirmed, without costs.

Ordered that the order and the order and judgment in action No. 3 are affirmed, without costs.