■ BERNARD L. REAGAN, Respondent, v E. LEO MILONAS, as Chief Administrator of Courts of State of New York and as Representative of Administrative Board of Judicial Conference of State of New York, et al., Appellants. [689 NYS2d 808] —Judgment unanimously reversed on the law without costs and motion denied. Memorandum: Plaintiff, a former Judge of the Onondaga County Surrogate's Court, commenced this action seeking declaratory, injunctive and monetary relief to eliminate the disparity between his salary and salaries paid to Judges of the Surrogate's Court in four other counties pursuant to Judiciary Law former §§ 221-d and 221-f. Supreme Court erred in granting plaintiff's motion insofar as it sought summary judgment on the second cause of action, seeking to eliminate the salary disparity between plaintiff and Judges of the Surrogate's Court in Dutchess County. Plaintiff failed to meet his burden of "demonstrating that no conceivable State interest rationally supports the distinction" created by Judiciary Law former §§ 221-d and 221-f with respect to plaintiff and his counterparts in Dutchess County (*Henry v Milonas*, 91 NY2d 264, 268).

We reject plaintiff's contention that defendants are collaterally estopped from relitigating the constitutionality of the salary disparity at issue after Supreme Court (Murphy, J.) resolved the issue against defendants in an action brought by plaintiff's successor and defendants abandoned their appeal from that part of the order and judgment (*see, Wells v Crosson*, 210 AD2d 932). The determination whether the distinctions in salary set forth in article 7-B of the Judiciary Law have a rational basis depends upon detailed factual analyses of such relevant factors as population, caseload and cost of living in the counties under comparison (*see, Killeen v Crosson*, 218 AD2d 217, 221; *see also, Burke v Crosson*, 85 NY2d 10, 18-19).

We cannot presume that those factors remained constant from plaintiff's term as Surrogate (1976-1987) through the term of Surrogate Wells (1988-present) (*see, Commissioner of Community Dev. of City of Rochester v Apton,* 115 AD2d 271). Thus, plaintiff failed to meet his burden of establishing that the issues in the instant action are identical to those necessarily determined in *Wells v Crosson (supra; see, Dickinson v Crosson,* 219 AD2d 50, 53; *Killeen v Crosson, supra,* at 220). (Appeals from Judgment of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Green, J. P., Hayes, Pigott, Jr., Hurlbutt and Scudder, JJ.