■ GETTY PROPERTIES CORP. et al., Respondents-Appellants, v GETTY PETROLEUM MARKETING INC., Defendant, 1314 SEDGWICK AVE. LLC et al., Appellants-Respondents, and 1714 NEW YORK AVE., LLC, et al., Respondents. ONE PLEASANTVILLE ROAD LLC, Appellant, v GETTY PROPERTIES CORP., Respondent. 1224 ROUTE 22 LLC et al., Appellants, v GETTY PROPERTIES CORP., Respondent. 857 RT 6 MAHOPAC LLC et al., Appellants, v GETTY PROPERTIES CORP., Respondent. [55 NYS3d 186]—Judgment, Supreme Court, New York County (Anil C. Singh, J.), entered July 6, 2016, in Index No. 651762/12, in favor of plaintiffs, unanimously modified, on the law, to award plaintiffs attorneys' fees incurred after March 31, 2015, and otherwise affirmed, with costs against Del Gadio. Appeal from order, same court and Justice, entered January 26, 2016, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Judgment, Supreme Court, New York County (Anil C. Singh, J.), entered June 1, 2016, dismissing the complaints in Index Nos. 401074/13, 401313/13, and 401438/13, unanimously affirmed.

Defendants-appellants' challenge to the award of double use and occupancy is largely an impermissible attempt to relitigate issues that were resolved by this Court in two prior appeals (*see Getty Props. Corp. v Getty Petroleum Mktg. Inc.*, 115 AD3d 616, 617 [1st Dept 2014], *lv dismissed* 23 NY3d 1006 [2014]; *Getty Props. Corp. v Getty Petroleum Mktg. Inc.*, 106 AD3d 429

[1st Dept 2013]). They do not argue that the referee's findings were not supported by the record (*see Atlantic Aviation Inv. LLC v Varig Logistica, S.A.*, 73 AD3d 467, 468 [1st Dept 2010]). Defendants-appellants' argument as to the award of attorneys' fees is an impermissible challenge to an order from which they failed to perfect their appeal (*see Pier 59 Studios, L.P. v Chelsea Piers, L.P.*, 40 AD3d 363, 366 [1st Dept 2007]).

Contrary to plaintiffs' contention, the court correctly found the individual defendants jointly and severally liable only for those LLCs for which they were guarantors, not for all other defendants (*see Becker v Empire of Am. Fed. Sav. Bank*, 177 AD2d 958, 959 [4th Dept 1991]; *compare Ravo v Rogatnick*, 70 NY2d 305 [1987]). However, plaintiffs are correct that they are entitled to recover costs and attorneys' fees incurred after March 31, 2015, such as those incurred in defending the instant appeal.

The actions in Index Nos. 401074/13, 401313/13, and 401438/13 are barred by res judicata (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). The issue of improvements made to the demised premises arose out of the transactions at issue in the previously decided action and was raised in that action (*see Getty Props. Corp.*, 115 AD3d 616; *Getty Props. Corp.*, 106 AD3d 429). To the extent some plaintiffs declined to interpose counterclaims in the action against them for ejectment, they are barred from asserting them now, since those claims could impair plaintiffs' rights established in the ejectment action (*see Henry Modell & Co. v Minister, Elders & Deacons of Ref. Prot. Dutch Church of City of N.Y.*, 68 NY2d 456, 461 [1986]). Concur—Tom, J.P., Mazzarelli, Manzanet-Daniels and Webber, JJ.