Getty Props. Corp. v Getty Petroleum Mktg., Inc. (2018 NY Slip Op 08076)





Getty Props. Corp. v Getty Petroleum Mktg., Inc.


2018 NY Slip Op 08076


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Friedman, J.P., Mazzarelli, Kern, Oing, JJ.


7703 651762/12

[*1]Getty Properties Corp., et al., Plaintiffs-Appellants,
v
Getty Petroleum Marketing, Inc., et al., Defendants-Respondents.


Rosenberg & Estis, P.C., New York (Howard W. Kingsley of counsel), for appellants.
Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for respondents.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered December 13, 2017, which, to the extent appealed from as limited by the briefs, denied that part of plaintiffs' motion for prejudgment interest on the award of attorneys' fees, unanimously reversed, on the law, with costs, and the motion granted.
Plaintiffs are correct that our affirmance of the prior judgment awarding prejudgment interest on attorneys' fees, Getty Props. Corp. v Getty Petroleum Mktg. Inc. (150 AD3d 541 [1st Dept 2017], lv dismissed 30 NY3d 1083 [2018], lv dismissed sub nom. One Pleasantville Rd. LLC v Getty Props. Corp., 30 NY3d 1084 [2018]) constitutes the law of the case. As such, the IAS court should not have deviated from it (see Massey v Byrne, 164 AD3d 416 [1st Dept 2018]). Plaintiffs are also correct that the prior order of this Court forecloses any additional challenge on the issue by defendants (see Brodsky v New York City Campaign Fin. Bd., 107 AD3d 544, 545—546 [1st Dept 2013]).
Were we to reach the merits, we would affirm. As the IAS court previously found (in an order previously affirmed), one basis for awarding attorneys' fees was that the subleases at issue incorporated and were subject to the master lease. The master lease contained an attorneys' fee provision for fees arising from breaches of the various leases and related leases. This clause is within the ambit of CPLR 5001.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK