■ JOHN CRANE et al., Doing Business as WALNUT MOUNTAIN CARE CENTER, Respondents, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants. — Appeal from an order and judgment of the Supreme Court at Special Term (Kahn, J.), entered November 6, 1980 in Albany County, which declared defendants' determination retroactively reducing plaintiffs' Medicaid reimbursement rates void and permanently enjoined defendants' recoupment of alleged overpayments. Plaintiffs operate a certified nursing home and health-related facility participating in the Medicaid program, a joint Federal-State grant-in-aid program established pursuant to subchapter 19 of the Federal Social Security Act (US Code, tit 42, § 1396 *et seq.*). Plaintiffs commenced operation of the facility on June 6, 1975 as an 80-bed skilled nursing facility (SNF) and a 100-bed health-related facility (HRF). On December 10, 1976, the facility was recertified as a 104-bed SNF and a 74-bed HRF. The Medicaid reimbursement rate is generally based upon cost reports submitted by the facility for the fiscal year ending six months before the commencement of the rate period. The facility's reimbursement rate is then determined by multiplying the allowable base year costs by a trend factor which compensates for inflation (see 10 NYCRR 86-2.10, 86-2.12). For new facilities where the fiscal and statistical data of the facility are not yet available, the commissioner may determine the Medicaid reimbursement rate based on the so-called "group average" (10 NYCRR 86-2.15). New facilities are required to file a cost report for the first six-month period within which the facility had an occupancy rate of at least 90% (10 NYCRR 86-2.2 [e]). This cost report must be filed within 60 days following the end of that period (*id.*). The facility's reimbursement rate is then determined on the basis of actual cost experience rather than group average rates. As a new facility, plaintiffs were reimbursed at group average rates for both the SNF and HRF. Cost-based rates were applied to the SNF beginning in July, 1976. A six-month cost report was never filed for the HRF and plaintiffs continued to receive reimbursement for the HRF at group average rates. On June 14, 1979, the commissioner concluded that the HRF must have reached 90% occupancy in the first half of 1977, based on cost reports filed in 1976 and 1977. The Health Department found that if the required six-month report had been timely filed by August 30, 1977, it could have given plaintiffs the required 60-day notice of rate change (Public Health Law, § 2807, subd 4) and issued a cost-based rate beginning January 1, 1978. Accordingly, the department substituted the cost-based rates for the group average rates as of January 1, 1978. It further recalculated the SNF reimbursement rate for 1978 and 1979 based on the SNF 1977 cost report, rather than the 1976 cost report it had previously used. These recalculations reduced the reimbursement rates for both the SNF and HRF for 1978 and 1979. The department then sought to recoup the overpayments for 1978 and 1979 of approximately $250,000. Plaintiffs bypassed any available administrative remedy and commenced a declaratory judgment action asserting that the retroactive rate reduction was illegal. A temporary restraining order prohibiting defendants from recouping overpayments was issued. Thereafter, Special Term declared the retroactive reductions illegal and enjoined recoupment by defendants. This appeal ensued. Defendants contend that this action should have been dismissed as premature since plaintiffs failed to exhaust their administrative remedies. We agree (see *Hartman v Whalen*, 68 AD2d 466).

However, due process requires a hearing when the Health Department seeks to recoup alleged overpayments, as plaintiffs' property rights are at stake (*Clove Lakes Nursing Home v Whalen*, 45 NY2d 873; *Hartman v Whalen, supra*). While it is clear that plaintiffs should have commenced an article 78 proceeding to compel defendants to hold a hearing (*id.*), this court has the power to grant appropriate relief even where not demanded (CPLR 3017, subd [a]; see *Hartman v Whalen, supra*). Since recoupment began prior to issuance of the temporary restraining order, a hearing must be granted within 10 days (*Hartman v Whalen, supra; Park Nursing Home v Whalen*, 65 AD2d 902). The order and judgment should be reversed, the action dismissed, and the matter remitted to the Commissioner of Health for further proceedings not inconsistent herewith. Order and judgment reversed, on the law, without costs, action dismissed, and matter remitted to the Commissioner of Health for further proceedings not inconsistent herewith. Sweeney, J. P., Kane, Yesawich, Jr., and Levine, JJ., concur.