■ JACK MACKSTON et al., Appellants, v STATE OF NEW YORK et al., Respondents.—In an action, *inter alia,* for a judgment declaring Judiciary Law former § 221-g (now § 221-i) unconstitutional insofar as it provides for unfavorable salary differentials between the plaintiffs, who are Judges of the City Courts of the City of Long Beach and the City of New Rochelle, respectively, and the Judges of the City Court of White Plains, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Kelly, J.), dated February 20, 1985, as denied their motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the motion which was for partial summary judgment declaring the salary differential unconstitutional with respect to the plaintiff Thomas J. O'Toole and substituting therefor a provision granting that branch of the motion. As so modified, the order is affirmed insofar as appealed from, without costs or disbursements, Jack Mackston's claim is severed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The factual and legal issues have been discussed in greater detail in *Kendall v Evans* (126 AD2d 703 [decided herewith]).

Special Term improperly denied the plaintiff O'Toole's motion for summary judgment declaring the unfavorable salary differentials between himself, as a Judge of the City Court of the City of New Rochelle, and the Judges of the City Court of the City of White Plains, violative of his constitutionally protected right to equal protection of the laws. The defendants have failed to demonstrate that a rational basis exists for the statutorily mandated disparate financial treatment of similarly situated City Court Judges, whereas the plaintiff O'Toole has established that the two cities, which are located within 10 miles of each other in Westchester County, constitute a " 'true unity of * * * judicial interest * * * indistinguishable by separate geographic considerations' " *(Weissman v Evans,* 56 NY2d 458, 463 [quoting from the record in that case]).

Thus, the plaintiff O'Toole is entitled to the ancillary relief requested, i.e., salary and pension base adjustments *(see, Weissman v Evans, supra,* at pp 466-468), and the basis for the

computation thereof shall be the differential between the plaintiff O'Toole's salary and that of the Judges of the City Court of the City of Yonkers (see, CPLR 3017 [a]; *Kendall v Evans, supra; Crane v Axelrod,* 86 AD2d 923, 924).

We conclude, however, that Special Term did properly deny the plaintiff Jack Mackston's application for summary judgment since, in light of the procedural posture of this case, it cannot be said that the census information submitted by defendants State of New York and Edward V. Regan, indicating "disparities in population, caseload, and cost of living" *(Cass v State of New York,* 58 NY2d 460, 464) between the cities of Long Beach and White Plains, of which this court may take judicial notice although submitted for the first time on appeal *(see, Matter of Siwek v Mahoney,* 39 NY2d 159, 163; *Hunter v New York, Ontario & W. R. R. Co.,* 116 NY 615; *People v Humphreys,* 62 Misc 2d 203; Richardson, Evidence §§ 14, 50 [Prince 10th ed]), did not demonstrate that a rational basis exists for the salary differential between the plaintiff Mackston, a Judge of the City Court of the City of Long Beach, located in Nassau County, and the Judges of the City Court of the City of White Plains, located in Westchester County. Since triable issues of fact have been raised in the *Mackston* case, the ultimate determination should await a trial *(see, Andre v Pomeroy,* 35 NY2d 361, 364). Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.