OPINION OF THE COURT
 

 Per Curiam.
 

 Plaintiffs, the elected Surrogate and elected County Court
 
 *267
 
 Judge of Ontario County, challenge the constitutionality of Judiciary Law §§ 221-d, 221-e, and 221-f on the ground that the statutorily enacted pay disparity between the County, Family and Surrogate’s Court Judges of Ontario and Monroe Counties violates equal protection. Because plaintiffs have failed to establish that no rational basis exists for the salary disparity, we hold that the provisions of the Judiciary Law are constitutional and therefore reverse.
 

 Plaintiff Frederic T. Henry, Jr., is the duly elected Surrogate of Ontario County. By annual administrative order of the Chief Administrative Judge, Henry also serves as acting County and Family Court Judge
 
 (see,
 
 NY Const, art VI, § 26). Plaintiff James R. Harvey is the duly elected County Court Judge of Ontario County. He also serves as an acting Family Court Judge by operation of law
 
 (see,
 
 Family Ct Act § 131 [b]), and as a Surrogate’s Court Judge by administrative appointment.
 

 Plaintiffs commenced this action against the Chief Administrator of the Courts of the State of New York, the Comptroller and the State of New York seeking a declaration that the difference between their salaries and the salaries paid to Judges of the County, Family and Surrogate’s Court in contiguous Monroe County violates their right to equal protection of the laws. After joinder of issue, plaintiffs moved for summary judgment. The Chief Administrative Judge took "no position on whether the Constitution compels that these salaries be equal.” The State defendants opposed the motion and cross-moved for summary judgment.
 

 Supreme Court dismissed the action on the ground that plaintiffs had failed to show that no conceivable, rational reason existed for the disparity. Plaintiffs appealed and the Appellate Division reversed and remitted to Supreme Court for further proceedings. The Appellate Division concluded that the salary differential rested entirely upon geography, not the distinct duties of Judges at county-level courts, noting that the three types of Monroe County Judges received the same salary despite the difference in judicial function and jurisdiction. Finding the differences in the costs of living between the two counties insignificant, the Court concluded that defendants failed to establish that a rational basis existed for the salary disparity between plaintiffs and the County, Family, and Surrogate’s Court Judges in Monroe County. Defendants appeal from the final judgment of Supreme Court pursuant to CPLR 5601 (d).
 

 For equal protection purposes, classifications that do not target a suspect class or infringe upon a fundamental right
 
 *268
 
 must be upheld if the classification is rationally related to a legitimate State interest (see,
 
 Cass v State of New
 
 York, 58 NY2d 460, 463-464;
 
 Matter of Tolub v Evans,
 
 58 NY2d 1, 8). While "a statutory scheme will not be struck as violative of equal protection merely because it creates differences in geographic areas”
 
 (Matter of Tolub v Evans, supra),
 
 the geographic or territorial distinction must be supported by a rational basis
 
 (Weissman v Evans,
 
 56 NY2d 458, 465-466). The party challenging the constitutionality of such a statute bears the heavy burden of demonstrating that no conceivable State interest rationally supports the distinction
 
 (Trump v Chu,
 
 65 NY2d 20, 25, 28;
 
 Maresca v Cuomo,
 
 64 NY2d 242, 250-251).
 

 We have previously applied the rational basis test in two judicial salary disparity cases with differing results. In
 
 Weissman v Evans
 
 (56 NY2d 458,
 
 supra),
 
 we held that there was no rational basis for a wage disparity between District Court Judges in contiguous Nassau and Suffolk Counties. We noted that the jurisdiction, practice and procedures of each of the District Courts, the only two in the State, and the functions, duties and responsibilities of their Judges were identical and their case loads were the same. As such, the two counties located in the Tenth Judicial District constitute a " 'true unity of * * * judicial interest * * * indistinguishable by separate geographic considerations’ ” (56 NY2d, at 463).
 

 In
 
 Cass v State of New York
 
 (58 NY2d 460,
 
 supra),
 
 however, we upheld provisions of the Unified Court Budget Act (L 1976, ch 966; L 1979, ch 55; L 1980, ch 881) which created a disparity in compensation between Judges in the New York City metropolitan area and other Judges of coordinate jurisdiction across the State. There, the State-wide differences in population, case load and cost of living provided a rational basis for the Legislature to adopt salary differentials for those serving in different areas of the State (58 NY2d, at 464).
 

 Plaintiffs in the instant case argue that their combined activities (serving in a multibench capacity as elected Judges and by designation) in Ontario County are substantially equivalent to the duties and case load of individual Monroe County-level Judges. Plaintiffs further contend that because both Counties are located in the Seventh Judicial District they constitute a "true unity of judicial interest” and because the difference in cost of living between the Counties is "insignificant,” no rational basis exists for the salary differential. We disagree.
 

 While plaintiffs share coordinate jurisdiction with their elected Monroe County counterparts a portion of the time,
 
 *269
 
 their over-all roles are not fully coextensive with Judges in Monroe County. The record does not support plaintiffs’ contention that their combined "multibench” duties and responsibilities are equivalent to those undertaken by individual Surrogate’s, Family or County Court Judges in Monroe County. As a consequence of plaintiffs’ multiple roles, their case loads differ in type and quantity from those of the Monroe County Judges whose authority is limited to a single court. These distinctions in the jurisdiction, authority, duties and caseloads of plaintiffs as "multibench” Judges preclude a determination of true unity of judicial interest in the compared posts and provide a rational basis for the statutory salary differentials
 
 (see, e.g., Cacace v Crosson,
 
 215 AD2d 622,
 
 appeal dismissed
 
 86 NY2d 884;
 
 Burke v Crosson,
 
 213 AD2d 963;
 
 Cheeseman v Bellacosa,
 
 130 AD2d 920,
 
 Iv denied
 
 70 NY2d 612).
 

 Furthermore, in support of their cross motion to dismiss, the State defendants submitted 1990 census data from the 1993 New York State Statistical Yearbook (18th rev ed) which showed a 16% differential in the median value of homes in Monroe and Ontario Counties and a difference of 17% in per capita income between the two Counties. These economic differentials alone provide a rational basis for a salary disparity of approximately 4% — $103,800 for Monroe County-level Judges and $99,000 for Ontario County-level Judges
 
 (see,
 
 Judiciary Law §§ 221-d, 221-e, 221-f). Plaintiffs clearly have failed to carry their required burden in their constitutional challenge to the statute.
 

 Accordingly, the judgment of Supreme Court appealed from and the order of the Appellate Division brought up for review should be reversed, with costs, and judgment granted declaring that Judiciary Law §§ 221-d, 221-e, and 221-f, insofar as here challenged, are constitutional.
 

 Judges Titone, Bellacosa, Smith, Levine and Ciparick concur in Per Curiam opinion; Chief Judge Kaye and Judge Wesley taking no part.
 

 Judgment appealed from and order of the Appellate Division brought up for review reversed, etc.