OPINION OF THE COURT
 

 Per Curiam.
 

 Plaintiffs, Judges of the Erie County Court, claim that defendants violated their equal protection rights by causing them to be paid less than their counterpart Judges in the County Courts of Albany, Onondaga, and Sullivan Counties. In October 1993, when plaintiffs filed the instant complaint, Judges of the Albany County Court were payed approximately 4.6% more than their Erie County judicial counterparts— $99,300 to $94,900. The percentage disparity has remained constant, with the annual salaries of Albany County Court Judges, as per newly acquired judicial pay raises, currently standing at $131,400 and Erie County Court Judges earning $125,600
 
 (see,
 
 L 1998, ch 630, § 1).
 

 The courts below held in plaintiffs’ favor and ruled that there was no rational basis for paying Erie County Judges less than the Judges of the Albany County Court. Plaintiffs were thus awarded summary judgment on their second cause of action (relating to Albany County). Since Albany County Court Judges are paid more than the Judges of any of the other County Courts involved in this case, the lower courts accordingly held plaintiffs’ remaining two causes of action, relating to Onondaga and Sullivan Counties, to be moot. Defendants appeal to this Court as of right pursuant to CPLR 5601 (d) and 5601 (b) (1) on a constitutional basis.
 

 Under the Equal Protection Clauses of the United States and New York Constitutions (US Const 14th Amend; NY Const, art I, § 11), a statute which causes disparate treatment but does not target a suspect class nor implicate a fundamental right is subject to rational basis scrutiny
 
 (see, Henry v Milonas,
 
 91 NY2d 264, 267-268). Rational basis scrutiny is the least rig
 
 *32
 
 orous standard of judicial constitutional review, and a statute will pass such scrutiny if there is a rational relationship between the disparity of treatment and any legitimate governmental purpose
 
 (see, Heller v Doe,
 
 509 US 312, 320).
 

 A statute subject to rational basis scrutiny is presumed to be constitutional, and the party challenging the statute bears the heavy burden of proving that there is no reasonably conceivable state of facts which rationally supports the distinction
 
 (see, Heller v Doe, supra,
 
 509 US, at 320;
 
 Henry v Milonas, supra,
 
 91 NY2d, at 268;
 
 Maresca v Cuomo,
 
 64 NY2d 242, 250). Since Judiciary Law § 221-d prescribes and varies the pay of the Judges of the County Court on the basis of geographical location, it need pass only rational basis review to be upheld as constitutional
 
 (see, Henry v Milonas, supra,
 
 91 NY2d, at 268;
 
 Kendall v Evans,
 
 72 NY2d 963,
 
 affg for reasons stated at
 
 126 AD2d 703, 704;
 
 Cass v State of New York,
 
 58 NY2d 460, 463-464;
 
 Matter of Tolub v Evans,
 
 58 NY2d 1, 8;
 
 Weissman v Evans,
 
 56 NY2d 458, 464-465).
 

 Here, in support of their CPLR 3211 motion to dismiss the complaint, defendants have submitted data from the
 
 1993 New York State Statistical Yearbook
 
 (18th rev ed) which indicates that median home values were nearly 50% higher in Albany County than in Erie County — $110,900 to $74,000. Defendants have also submitted data, not challenged by plaintiffs, indicating that Albany County Court Judges have larger caseloads per Judge than Erie County Court Judges. These facts provide a rational basis for the 4.6% disparity in pay between plaintiffs and the Judges of the Albany County Court. These data support the disparate treatment based on geography effected by Judiciary Law § 221-d as between the Judges of the Albany and Erie County Courts
 
 (see, Henry v Milonas,
 
 91 NY2d 264,
 
 supra).
 
 We thus reject the Appellate Division’s “totality of economic indicators test” as contrary to the essential governing rational basis test and our holding in
 
 Henry v Milonas.
 
 Defendants are, therefore, entitled to judgment as a matter of law dismissing plaintiffs’ second cause of action, as it relates to the pay disparity between Erie and Albany County Court Judges.
 

 Inasmuch, however, as Supreme Court, invoking mootness, did not entertain the merits of plaintiffs’ two remaining causes of action, as to pay disparities between Erie County Court Judges and the Judges of the Onondaga and Sullivan County Courts, we must remit this case to Supreme Court.
 

 
 *33
 
 Accordingly, the judgment of Supreme Court appealed from and the order of the Appellate Division brought up for review should be reversed, with costs, and the case remitted to Supreme Court for further proceedings in accordance with this opinion.
 

 Judges Bellacosa, Smith, Levine, Ciparick and Rosenblatt concur in Per Curiam opinion; Chief Judge Kaye and Judge Wesley taking no part.
 

 Judgment of Supreme Court appealed from and order of the Appellate Division brought up for review reversed, etc.