■ FRANCIS A. AFFRONTI et al., Respondents, v MATTHEW T. CROSSON, as Chief Administrator of Courts of State of New York and as Representative of Administrative Board of Judicial Conference of State of New York, et al., Appellants. [695 NYS2d 650] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Plaintiffs, present and former Judges of Monroe County Family Court, commenced this action seeking declaratory, injunctive and monetary relief to eliminate the disparity between their salaries and salaries paid to Family Court Judges in Sullivan and Suffolk Counties and County Court Judges serving as Acting Family Court Judges in Putnam County. Supreme Court erred in granting judgment to plaintiffs on the second cause of action, eliminating the disparity between their salaries and salaries paid to County Court Judges serving as Acting Family Court Judges

in Putnam County. Distinctions in jurisdiction, authority, duties and caseloads between plaintiffs and Judges serving in a multibench capacity in Putnam County "preclude a determination of true unity of judicial interest in the compared posts and provide a rational basis for the statutory salary differentials" (*Henry v Milonas,* 91 NY2d 264, 269). The court also erred in granting judgment to plaintiffs on that part of the fourth cause of action challenging the disparity between their salaries and salaries paid to Family Court Judges in Suffolk County. Plaintiffs failed to present proof that the costs of living in Monroe and Suffolk Counties are comparable and thereby failed to meet their "heavy burden of proving that there is no reasonably conceivable state of facts which rationally supports the distinction" in salaries (*D'Amico v Crosson,* 93 NY2d 29, 32). Plaintiffs met that burden with respect to their first cause of action, and the court properly granted judgment eliminating the disparity between plaintiffs' salaries and salaries paid to Family Court Judges in Sullivan County. Plaintiffs presented proof establishing that their duties and responsibilities are equivalent to those of Family Court Judges in Sullivan County and that caseloads per Judge, population, population per Judge and average housing costs are higher in Monroe County than in Sullivan County. Defendants failed to establish that a rational basis exists for the disparity in salaries, and the disparity therefore violates plaintiffs' right to equal protection of the laws (*see, Weissman v Evans,* 56 NY2d 458, 463; *Davis v Rosenblatt,* 159 AD2d 163, 171, *appeal dismissed* 77 NY2d 834, 79 NY2d 822, *lv denied* 79 NY2d 757). The data regarding median home values in Monroe, Sullivan, Suffolk and Putnam Counties, presented for the first time in the brief of defendants Edward V. Regan, as Comptroller of the State of New York, and the State of New York, are not properly before us (*see, Board of Educ. v Gootnick,* 49 NY2d 683, 687; *Broida v Bancroft,* 103 AD2d 88, 93).

We reject the contention that plaintiffs' claims for back pay in an amount equal to the pay of Family Court Judges in Sullivan County are time-barred (*see, Davis v Rosenblatt, supra,* at 172-173; *see also, Dickinson v Crosson,* 219 AD2d 50, 52). We conclude, however, that plaintiffs are not entitled to prejudgment interest on the back pay award (*see, Barr v Crosson,* 263 AD2d 798; *Davis v Rosenblatt, supra,* at 173).

We therefore modify the judgment by vacating those parts declaring that the salary disparities between plaintiffs and County Court Judges serving as Acting Family Court Judges in Putnam County and Family Court Judges in Suffolk County

are unconstitutional, by granting judgment in favor of defendants declaring that the salary disparities between plaintiffs and County Court Judges serving as Acting Family Court Judges in Putnam County and Family Court Judges in Suffolk County are constitutional, by vacating those parts directing defendants to pay plaintiffs back pay, salaries and benefits equal to County Court Judges serving as Acting Family Court Judges in Putnam County and Family Court Judges in Suffolk County and by awarding plaintiffs prejudgment interest on the back pay award equal to the pay of Family Court Judges in Sullivan County. (Appeals from Judgment of Supreme Court, Monroe County, Kehoe, J.—Declaratory Judgment.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Balio, JJ.