OPINION OF THE COURT
Michael D. Stallman, J.
In this CPLR article 78 proceeding, petitioner, on behalf of *147 itself and all other licensees, challenges the propriety of the New York City Taxi and Limousine Commission’s (TLC) practice of serving administrative process on commission licensees by ordinary mail only.
On February 17, 1999, TLC inspector Paul Murchison issued two administrative summonses to petitioner for having allowed its for-hire vehicles to operate while overdue for inspection. (35 RCNY 6-12 [c].) TLC apparently mailed the summonses to petitioner at the address petitioner had provided: 26-16 Clarendon Road, Brooklyn, New York 11226.
Respondent failed to answer or appear on those summonses. On May 4, 1999, at an inquest on summons 453091A, an Administrative Law Judge (ALJ) found respondent in violation of 35 RCNY 6-12 (c) (failure to inspect) and 6-18 (g) (failure to appear), and imposed penalties. On May 18,1999, at an inquest on summons 465437A, another ALJ found respondent in violation of 35 RCNY 6-12 (c) and 6-18 (g), and imposed penalties. Petitioner moved to vacate both default determinations. At a June 17, 1999 hearing, an ALJ determined that respondent established “excusable neglect” but failed to establish a meritorious defense. The ALJ then dismissed the rule 6-18 (g) violation on each summons, found respondent in violation of rule 6-12 (c) and imposed a $350 fine for each. The TLC suspended respondent’s license until the Commissioner received proof that the vehicles had been inspected.
Petitioner appealed that determination, asserting that the service of the summonses on him by ordinary mail was improper. By letter dated August 3, 1999, TLC granted petitioner’s administrative appeal as to one of the summonses, 453091A. However, TLC denied petitioner’s administrative appeal as to summons 465437A on the ground that the ALJ’s decision was supported by substantial evidence. In this proceeding, petitioner seeks a judgment annulling that portion of respondent’s determination that affirmed the imposition of a fine.
Petitioner commenced this article 78 proceeding, claiming that service of summons 465437A by ordinary mail violated New York City Charter § 2303 (c), which provides that a TLC notice of violation must be served in the same manner as a summons in a plenary action. Petitioner’s reliance on New York City Charter § 2303 (c) is misplaced. New York City Charter § 2303 (c) requires the TLC to so serve a notice of violation only when the agency seeks to enter a decision or or *148 der imposing civil penalties as a judgment in a civil court, without court proceedings, for violations regarding unlicensed vehicles for-hire, unlicensed drivers of vehicles for-hire, the operation of commuter van services without authorization and the operation of unlicensed commuter vans and unlicensed drivers of commuter vans. It is undisputed that petitioner is licensed by the TLC, and accordingly this service provision is inapplicable.
The New York City Charter specifically grants jurisdiction to the TLC to license, regulate and supervise all aspects of licensed vehicles for-hire and their drivers. (NY City Charter § 2303 [a].) In addition, in a separate self-contained subdivision, it empowers the TLC to administratively punish violations related to unlicensed vehicles and their drivers. (NY City Charter § 2303 [c] [1].) Pursuant to the Charter’s grant of rule-making power, the TLC has adopted rules governing both its licensees and nonlicensees who violate the layr regarding vehicles for hire. (NY City Charter § 2303 [b] [11].)
Given the legislative grant of TLC jurisdiction over the licensed sector of the industry, licensed vehicle owners and licensed drivers submit to TLC jurisdiction by the act of seeking and obtaining licenses. Petitioner, as a licensed owner, agreed to abide by TLC rules, which include service by mail of TLC administrative process, including the administrative summons at issue here. (See, 35 RCNY 6-12 [Conditions of Operation Relating to For-Hire Vehicles].) Unlike licensed owners and drivers, unlicensed owners and drivers have not submitted to TLC jurisdiction. Therefore, the Charter requires the TLC to acquire personal jurisdiction over unlicensed violators by serving “notices of violation” (not summonses) on them in the same manner as required for service of process in a plenary action brought in a court (see, CPLR 308, 310, 310-a, 311, 311-a; Business Corporation Law § 306), when the TLC seeks to enforce a penalty by entering it as a civil judgment.
Formal, ritualistic service of process emphasizes its legal significance (see, People v Gross, 148 Misc 2d 232 [Crim Ct, Kings County, Stallman, J.]; City of New York v Chemical Bank, 122 Misc 2d 104 [Sup Ct, NY County, Evans, J.]), particularly to those who might not otherwise realize that they are subject to an administrative agency’s power. It would be redundant to require such canonical jurisdictional service on an agency licensee, who is presumed familiar with its responsibilities toward the regulatory authority.
Having acquired personal jurisdiction over its licensees by the act of licensure, the TLC need not serve its licensees in the *149 same manner as required for a plenary action; it must only give them notice and an opportunity to be heard consistent with constitutional due process requirements. (US Const 14th Amend; NY Const, art I, § 6; Goldberg v Kelly, 397 US 254; Matter of Block v Ambach, 73 NY2d 323; see, 35 RCNY 6-12 [Conditions of Operation Relating to For-Hire Vehicles].) Having filed a business address with the administrative agency, a licensee is responsible to keep that address accurate, complete and current. Service by mail to the licensee, at the address filed by the licensee itself with the TLC, is sufficient notice.
Licensees of a regulatory agency are thus qualitatively different from unlicensed persons who subject themselves to the agency’s enforcement authority by their violation of law. Differential legal treatment therefore does not pose an equal protection issue. (US Const 14th Amend; NY Const, art I, § 11; see generally, Heller v Doe, 509 US 312, 320; D'Amico v Crosson, 93 NY2d 29.) Separate service requirements are not arbitrary; they are rational and appropriate.
Petitioner’s request for class action certification, asserted only in the attorney’s affirmation in support of the petition, is neither properly sought nor adequately supported in law or fact.
Because summons 465437A was issued to a car service licensed by the TLC, TLC properly served the summons by ordinary first-class mail, as prescribed by 35 RCNY 6-21 (b), without any other act of service. Accordingly, there is no viable constitutional or statutory infirmity to the TLC’s practice, either facially or as applied to petitioner.
Petitioner has failed to meet its burden of demonstrating that respondent acted arbitrarily, capriciously or contrary to law. It is therefore ordered and adjudged that the petition is denied and the proceeding is dismissed.