■ WILLIAM K. NELSON et al., Respondents-Appellants, v JONATHAN LIPPMAN, as Chief Administrative Judge of the State of New York, et al., Appellants-Respondents. [709 NYS2d 210] —Spain, J. Cross appeals from a judgment of the Supreme Court (Teresi, J.), entered January 8, 1999 in Albany County, which, *inter alia*, granted plaintiffs' motion for summary judgment.

Plaintiffs, two Judges of the Rockland County Family Court and two Judges of the Rockland County Court, commenced this action seeking declaratory, injunctive and monetary relief to eliminate the disparity between their judicial salaries and the salaries paid to their counterparts in Suffolk County pursuant to Judiciary Law §§ 221-e and 221-d, respectively. Specifically, plaintiffs claim that the legislatively enacted salary disparities in effect since January 1, 1985[1] violate their right to equal protection of the laws under the Federal and State Constitutions (*see*, US Const, 14th Amend, § 1; NY Const, art I, § 11). Defendant Chief Administrative Judge adopted the position taken by his predecessors in office that, as a matter of policy, the salaries of all Judges of County Court should be equal and the salaries of all Judges of Family Court should be equal, taking no position on the question of whether equal salaries are constitutionally compelled.

Supreme Court granted plaintiffs' motion for summary judgment and denied the cross motion of defendants Comptroller and the State (hereinafter collectively referred to as the State defendants) for summary judgment, finding that the legislative enactments providing disparate salaries violated plaintiffs' equal protection rights. The court credited the proffered calculations of plaintiffs' counsel in concluding that the per-Judge caseload in each court in each county is roughly the same, as well as the uncontroverted affidavit of plaintiffs' expert that the cost of living is higher in Rockland County than it is in Suffolk County. Defendants appeal and plaintiffs cross-appeal from that portion of the judgment which denied them interest for the period prior to Supreme Court's decision.

1. *See*, L 1984, ch 986; L 1987, ch 263; L 1993, ch 60.

As an initial matter, we note that a declaratory judgment action in Supreme Court is an appropriate vehicle for challenging the constitutionality of a statute (*see, Cass v State of New York*, 58 NY2d 460, 463). Addressing the merits, under well-settled equal protection jurisprudence, a statutory pay disparity based upon geographic location does not target a suspect class or implicate a fundamental right and, as such, is subject to the least rigorous standard of judicial review, i.e., whether any rational basis supports the legislative choices (*see, D'Amico v Crosson*, 93 NY2d 29, 31-32; *Henry v Milonas*, 91 NY2d 264, 267-268; *see also, Port Jefferson Health Care Facility v Wing*, 94 NY2d 284, 289-290). A statute subject to rational basis scrutiny is presumed to be constitutional, and plaintiffs "bear[ ] the heavy burden of proving that there is no reasonably conceivable state of facts which rationally supports the distinction" (*D'Amico v Crosson, supra*, at 32; *see, Henry v Milonas, supra*, at 268; *see also, Heller v Doe*, 509 US 312, 320). That is, to survive an equal protection challenge, a geographic based salary disparity must be predicated upon a reasonably conceivable state of facts that could provide a rational relationship between the disparity of treatment and a legitimate government purpose (*see, D'Amico v Crosson, supra*, at 32; *see also, Heller v Doe, supra*, at 320; *Port Jefferson Health Care Facility v Wing, supra*, at 290-291).

It has been recognized that differences among counties in population, caseload and cost of living, and differences in judicial duties and responsibilities, among others, may provide a rational basis for differences in judicial salaries (*see, D'Amico v Crosson, supra*, at 32; *Henry v Milonas, supra*, at 268; *Cass v State of New York, supra*, at 461; *Dickinson v Crosson*, 219 AD2d 50, 54). In moving for summary judgment, plaintiffs submitted the affidavit of their attorney which analyzed the caseload and judicial staffing data obtained from defendants, and calculated the "dispositions per Judge" for the Family Court and County Judges in Rockland and Suffolk Counties. As Supreme Court noted, plaintiffs' calculations support the conclusion that the dispositions per Judge in the subject counties are "roughly the same".

In cross-moving for summary judgment the State defendants submitted the affidavit of a Senior Budget Analyst with the Unified Court System, Office of Management Support, Division of the Budget, whose duties include compiling statistics reflecting the comparative caseloads of the State courts. The affidavit contained statistical information from the official records of the Unified Court System merely consisting of total Judge days,

total filings and total dispositions for County Court and Family Court in both Counties. While the affidavit also provided a formula or methodology which could be used to calculate the "per Judge" annual filings and "per Judge" annual dispositions from the aggregate annual data, defendants made no effort to provide Supreme Court with data demonstrating the per-Judge disposition figures for either court in either County. By merely proffering aggregate data in this manner, the State defendants failed to substantiate their position that the lower judicial salaries in County Court and Family Court in Rockland County could be based upon judicial caseload which is appreciably less than it is for their counterparts in Suffolk County.

Thus, under the equal protection principles previously outlined, the State defendants' data does not provide the requisite " 'reasonably conceivable state of facts that could provide a rational basis for the [geographic] classification' " (*Heller v Doe, supra*, at 320, quoting *Federal Communications Commn. v Beach Communications*, 508 US 307, 313). In the absence of sufficient, usable evidence contrary to that proffered by plaintiffs regarding judicial caseload functions and responsibilities, the challenged judicial pay disparity embodied in Judiciary Law §§ 221-d and 221-e must be held to violate plaintiffs' equal protection rights (*see, D'Amico v Crosson, supra*, at 32; *Dickinson v Crosson, supra*, at 54). The only other factor addressed to Supreme Court consisted of plaintiffs' uncontroverted proof that the cost of living is higher in Rockland County, which patently undercuts the rationality of this judicial pay disparity.

While "the State 'has no obligation to produce evidence to sustain the rationality of a statutory classification * * * [and a] legislative choice is *not subject to courtroom factfinding* and may be based upon *rational speculation* unsupported by evidence or empirical data' " (*Port Jefferson Health Care Facility v Wing, supra*, at 291, quoting *Heller v Doe, supra*, at 320 [emphasis supplied in *Port Jefferson*]), we perceive no basis upon which to disturb Supreme Court's conclusion that the evidence presented demonstrates that the cost of living is higher in Rockland County than it is in Suffolk County and that the workload per Judge in each County is essentially comparable. Thus, there is no evident or discernible reasonably conceivable state of facts to rationally support the geographic based judicial pay disparity (*see, D'Amico v Crosson, supra*, at 32; *Weissman v Evans*, 56 NY2d 458; *Barth v Crosson*, 199 AD2d 1050, 1050-1051; *Kendall v Evans*, 126 AD2d 703, *affd* 72 NY2d 963). Moreover, while we need not decide the broader constitutional

issue on this appeal, we are cognizant of the arguable merit of plaintiffs' contentions that, by itself, the empirical data pertaining to the number of dispositions is not necessarily an accurate or rational measure of judicial workload.

Additionally, with one exception pertaining to William K. Nelson we find that there is no merit to the State defendants' contention that due to the running of the Statute of Limitations plaintiffs' claims were untimely or that the award of back pay should have been more limited. We have previously held that the appropriate Statute of Limitations in declaratory judgment actions for judicial salary parity is six years, as provided by CPLR 213 (1) (*see, Davis v Rosenblatt*, 159 AD2d 163, 169, *appeal dismissed* 77 NY2d 823, 834, 79 NY2d 822, *lv denied* 79 NY2d 757, 758; *see also, Dickinson v Crosson, supra*, at 52; *Deutsch v Crosson*, 171 AD2d 837, 838-839, *lv denied* 78 NY2d 857). Indeed, judicial pay disparity is recognized as a continuing harm for which the cause of action continues to accrue (*see, Davis v Rosenblatt, supra*, at 168). Inasmuch as all of the plaintiffs were serving as Family Court or County Judges—the positions for which they were awarded relief—at the time they commenced this action in 1997, the action was timely commenced (*see, id.*, at 168-169). Further, the Statute of Limitations "does not circumscribe the number of years for which the ancillary relief of back pay may be awarded" (*Deutsch v Crosson, supra*, at 839).

However, we agree with the State defendants' contention that Supreme Court erred in its amended judgment in awarding Nelson back pay and pension for his tenure as a Family Court Judge, which position he left at the end of 1984.[2] That claim finally accrued on December 31, 1984 when Nelson left that position and, thus, applying the six-year Statute of Limitations, was time barred at the time plaintiffs commenced this declaratory judgment action in 1997 (*see*, CPLR 213 [1]; *Davis v Rosenblatt, supra*, at 168-169). Consequently, Nelson was not entitled to an award of back pay or other ancillary relief for his 1984 tenure as a Family Court Judge (*cf., Deutsch v Crosson, supra*, at 838-839). However, as Nelson was serving as a County Judge at the time this action was commenced, the action was timely commenced as to that position and he was properly awarded back pay and ancillary relief for his entire

---

**2.** Notably, the verified complaint only specifically requested a judgment awarding Nelson back pay based upon his status and tenure as a County Judge—which began about five months after he left the bench as a Family Court Judge—and sought no specific relief pertaining to his 1984 tenure as a Family Court Judge.

tenure in that position (*see, Davis v Rosenblatt, supra,* at 168-169; *see also, Deutsch v Crosson, supra,* at 838-839).

Finally, Supreme Court's amended judgment awarded plaintiffs interest on their back pay from the date of its decision/order to the date of entry of its judgement as well as interest from the date of entry of the judgment to the date of payment on the judgment, but declined to award plaintiffs interest for the period preceding the decision. Plaintiffs' contentions that they are entitled to predecision interest notwithstanding, we have repeatedly held that back pay awards in judicial salary disparity actions should not include prejudgment interest pursuant to CPLR 5001 (a) (*see, Barr v Crosson,* 263 AD2d 798, 799, *lv granted* 94 NY2d 754, *revd* 95 NY2d 164; *Davis v Rosenblatt, supra,* at 173; *see also, Affronti v Crosson,* 265 AD2d 817, 818; *Deutsch v Crosson, supra,* at 839).

Crew III, J. P., Peters, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded plaintiff William K. Nelson back pay, interest and ancillary relief for the period during which he was a Judge of the Rockland County Family Court, and, as so modified, affirmed.