■ PATRICK J. McGRATH, Respondent, v JONATHAN LIPPMAN, as Chief Administrative Judge of the State of New York, et al., Appellants. [710 NYS2d 182] —Peters, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered September

---

**2.** It is of note that respondent had not seen his mother for a period of five years preceding her death.

7, 1999 in Albany County, which, *inter alia*, partially granted plaintiff's motion for summary judgment.

Plaintiff, the County Judge of Rensselaer County since 1994, instituted this action in July 1997 claiming a violation of the Equal Protection Clause of the Federal and State Constitutions due to a disparity in pay for County Judges in his County with that in the contiguous County of Albany. Contending that "[t]he jurisdiction, practice and procedure" between these two courts are substantially equivalent, petitioner notes that the pay differential, during the relevant period, was between $8,200 and $9,600, now reflecting a $11,600 differential (*see*, Judiciary Law § 221-d).

After joinder of issue, plaintiff moved for summary judgment, prompting defendants Comptroller and the State (hereinafter collectively referred to as the State defendants) to cross-move for the same relief.* Plaintiff proffered, in support of his motion, the affidavit of William Blanchfield, a professor of economics, who opined that because the Albany-Schenectady-Troy metropolitan statistical area (hereinafter MSA) is grouped in one region for the purpose of calculating the area's consumer price index (hereinafter CPI), it "indicates that the counties share the same cost of living." Further examining data compiled by the Greater Capital Association of Realtors, he opined that there was no statistically significant difference in the price of housing between the two counties. The affidavit of the State defendants' economist, Thomas Kershner, disagreed with Blanchfield's analysis with respect to the difference in the price of housing between the two counties and opined that the higher per capita income in Albany County indicates that the cost of services would be higher therein.

Supreme Court, focusing its analysis upon whether there was a "unity of judicial interest" existing between the relevant courts and whether economic distinctions between these geographic areas provided a rational basis for the pay differential, examined the data compiled by the Office of Court Administration for the years 1994 through 1997 and concluded that there was a " 'true unity of * * * judicial interest * * * indistinguishable by separate geographic considerations' " (*Weissman v Evans*, 56 NY2d 458, 463). Next, addressing whether there existed an economic basis for the pay disparity, the court reviewed the parties' divergent proffers and concluded

---

* Defendant Chief Administrative Judge did not move for summary judgment and instead submitted an affidavit stating its policy that all County Judges should receive the same rate of pay. The position of the Chief Administrative Judge remained the same on appeal.

that since the CPI statistics did not appear to differentiate between Rensselaer and Albany Counties, it could not conclusively determine that the cost of living differed sufficiently to provide the requisite rational basis to account for the disparity in pay. Accordingly, it ordered a hearing on this issue, prompting the State defendants' appeal.

It is well settled that an equal protection challenge to a pay statute enacted by the Legislature will be presumed valid and pass constitutional muster so long as the disparity created therein is rationally related to a legitimate State interest (see, *D'Amico v Crosson*, 93 NY2d 29, 32; *Davis v Rosenblatt*, 159 AD2d 163, 170, *appeal dismissed* 77 NY2d 834). Rationality has been explained by differences in the relevant courts' caseloads, a lack of unity of judicial interests or by economic differentials within the relevant geographic areas (see, *D'Amico v Crosson, supra*; *Henry v Milonas*, 91 NY2d 264; *Dickinson v Crosson*, 219 AD2d 50).

As the State defendants do not contest that part of the determination which found a similarity in caseload and unity of judicial interest between these counties, the sole remaining issue, as limited by their brief (see, *Phillips v McClellan St. Assocs.*, 262 AD2d 748, 749), is whether Supreme Court properly found an issue of fact to exist as to whether an economic differential could account for the disparity in pay.

Preliminarily, we note that the statutorily prescribed salaries for Judges of both the Family Court and Surrogate's Court in these two counties are identical (see, Judiciary Law §§ 221-e, 221-f). Turning to the conflicting expert affidavits to assess whether there exists an economic differential, we disagree with the State defendants' assertion that pursuant to *D'Amico v Crosson (supra)*, their proffer of Kershner's affidavit, was sufficient to satisfy the deferential "rational basis" review standard (see, *id.*, at 31-32).

In *D'Amico v Crosson (supra)*, where a rational basis was found to account for the pay disparity, the facts reflected an approximate 50% differential in home value along with an undisputed difference in caseloads to support a 4.6% differential in pay. Similarly, in *Henry v Milonas (supra)*, the respondents' proffer of a 17% per capita income differential, a 16% differential in median home values and a lack of judicial unity was found sufficient to satisfy the review standard for a 4% disparity. Yet, in the matter presently before us, the pay differential for adjoining counties amounts to approximately 10% while the counties share the same CPI (see, *Weissman v Bellacosa*, 129 AD2d 189), have a unity of judicial interests,

similar caseloads and duties, and equal pay for Judges of the Family Court and Surrogate's Court. Patently, we cannot find that the increase in per capita income coupled with an 18% higher median home value is, in and of itself, sufficient to provide the requisite rational basis to support the wide-ranging disparity of pay at issue here.

For these reasons, and in light of the procedural posture in which this case is presented, we find triable issues of fact to have been sufficiently raised for Supreme Court to have required a hearing (*see, Ferrante v American Lung Assn.*, 90 NY2d 623; *Mackston v State of New York*, 126 AD2d 710).

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.