OPINION OF THE COURT
 

 Per Curiam.
 

 Plaintiffs, current and former Monroe County Family Court Judges, challenge the constitutionality of Judiciary Law §§ 221-d and 221-e on the ground that the statutorily enacted pay disparities between the Family Court Judges of Monroe County and Judges serving in the Family Courts of Sullivan, Putnam and Suffolk Counties violate their rights to equal protection under the 14th Amendment of the Federal Constitu
 
 *717
 
 tion and article I, § 11 of the State Constitution. Because a rational basis exists for the salary disparities, we hold that the challenged provisions do not violate equal protection.
 

 In April 1992, plaintiffs commenced this action seeking declaratory, injunctive and monetary relief against defendants Matthew T. Crosson, then Chief Administrator of the Courts of New York, Edward Regan, then Comptroller of the State of New York, and the State of New York. Plaintiffs alleged that defendants violated their equal protection rights under the State and Federal Constitutions because, under Judiciary Law § 221-e, the statutory salaries of Sullivan and Suffolk County Family Court Judges were higher than plaintiffs’ salaries and, under Judiciary Law § 221-d, the salaries of Putnam County Court Judges, who serve in a multi-bench capacity, including as Family Court Judges (see, Family Ct Act § 131 [b]), were also higher.
 

 At trial, plaintiffs proffered evidence seeking to demonstrate a similarity — in the functions, duties and responsibilities performed — between themselves and Judges in the other counties, and that the population and caseload per Judge were substantially either equal or greater in Monroe County than in the comparator counties. Plaintiffs also sought to establish that the average cost of single-family homes in Monroe County was greater than in Sullivan County. Defendants countered with expert testimony and statistical data showing a cost of living differential between Monroe and Suffolk Counties only and, thereafter, the defense rested.
 

 Supreme Court (1) declared that the salary disparities between plaintiffs and the Judges sitting in Family Court in Sullivan, Suffolk and Putnam Counties lacked a rational basis and violated plaintiffs’ equal protection rights, (2) awarded plaintiffs back pay with prejudgment interest and (3) directed defendants to raise plaintiffs’ salaries to equal those of Family Court Judges in Suffolk County.
 

 Upon defendants’ appeal, the Appellate Division reversed as to the Putnam and Suffolk County salary differentials
 
 (see,
 
 265 AD2d 817, 818). The court concluded that the Putnam County Court Judges, as multi-bench Judges, did not share a true unity of judicial interest with the plaintiff Family Court Judges due to distinctions in jurisdiction, authority, duties and caseloads. The court also concluded that plaintiffs failed to demonstrate that the costs of living in Monroe and Suffolk Counties are substantially similar and, thus, did not prove that no rea-
 

 
 *718
 
 sonably conceivable state of facts would support the salary disparity. With respect to the pay disparity between plaintiffs and the Sullivan County Family Court Judges, however, the court affirmed
 
 (see, id.).
 
 Defendants submitted to the Appellate Division 1990 U.S. Bureau of the Census data from the New York State Statistical Yearbook setting forth higher median home values in Sullivan County than Monroe County, similar to Yearbook data cited by this Court in finding a rational basis for other judicial salary disparities
 
 (see, Barr v Crosson,
 
 95 NY2d 164, 170;
 
 D’Amico v Crosson,
 
 93 NY2d 29, 32;
 
 Henry v Milonas,
 
 91 NY2d 264, 269). Nonetheless, that court refused to consider the data on the ground that it was “presented for the first time in the brief of defendants * * * [and, thus] not properly before us” (265 AD2d, at 818). The court awarded plaintiffs back pay, but concluded that plaintiffs were not entitled to prejudgment interest.
 

 We granted plaintiffs’ motion and the State defendants’ and Chief Administrator’s cross motions for leave to appeal from the Appellate Division order.
 

 We agree with the Appellate Division insofar as it declared that the salary disparities between plaintiffs and their counterparts in Putnam and Suffolk Counties are constitutional. As in
 
 Henry v Milonas (supra,
 
 at 269), the Putnam County Court Judges’ multiple roles give rise to “distinctions in the jurisdiction, authority, duties and caseloads of [the Putnam County Court Judges] as ‘multibench’ Judges [and] preclude a determination of true unity of judicial interest in the compared posts and provide a rational basis for the statutory salary differentials.” In addition, plaintiffs proffered no proof that the costs of living in Monroe and Suffolk County are comparable and, thus, failed to demonstrate a “true unity of * * * judicial interest * * *
 
 indistinguishable by separate geographic
 
 considerations”
 
 (id.,
 
 at 268 [quoting
 
 Weissman v Evans,
 
 56 NY2d 458, 463] [internal quotation marks omitted] [emphasis supplied]). Accordingly, plaintiffs did not meet their threshold burden of demonstrating that they and the Judges from Putnam and Suffolk Counties were similarly situated for equal protection analysis. However, we disagree with the holding of the courts below as to Sullivan County and conclude that a rational basis exists for the challenged disparity.
 

 Where a governmental classification is not based on an inherently suspect characteristic and does not impermissibly interfere with the exercise of a fundamental right, it need only rationally further a legitimate state interest to be upheld as
 
 *719
 
 constitutional
 
 (see, Nordlinger v Hahn,
 
 505 US 1, 10). Undisputably, the disparate judicial salary schedules in Judiciary Law §§ 221-d and 221-e do not involve suspect classes or fundamental rights and are therefore subject to rational basis review
 
 (see, e.g., D’Amico v Crosson,
 
 93 NY2d, at 32,
 
 supra; Henry v Milonas,
 
 91 NY2d, at 268,
 
 supra).
 

 The rational basis standard of review is “ ‘a paradigm of judicial restraint’ ”
 
 (Port Jefferson Health Care Facility v Wing,
 
 94 NY2d 284, 290 [quoting
 
 Federal Communications Commn. v Beach Communications,
 
 508 US 307, 314],
 
 cert denied
 
 530 US 1276). On rational basis review, a statute will be upheld unless the disparate treatment is “so unrelated to the achievement of any combination of legitimate purposes that * * * [it is] irrational”
 
 (Kimel v Florida Bd. of Regents,
 
 528 US 62, 84 [quoted case and internal quotation marks omitted]). Since the challenged statute is presumed to be valid, “[t]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it * * *
 
 whether or not the basis has a foundation in the record” (Heller v Doe,
 
 509 US 312, 320-321 [quoted case and internal quotation marks omitted] [emphasis supplied]). Thus, “ ‘those challenging the legislative judgment must convince the court that the legislative facts on which the classification is apparently based could not reasonably be conceived to be true by the governmental decision-maker’”
 
 (Minnesota v Clover Leaf Creamery Co.,
 
 449 US 456, 464 [quoting
 
 Vance v Bradley,
 
 440 US 93, 111]).
 

 Indeed, courts may even hypothesize the Legislature’s motivation or possible legitimate purpose
 
 (see, Port Jefferson Health Care Facility v Wing,
 
 94 NY2d, at 291,
 
 supra).
 
 Thus, “the State has no obligation to produce evidence to sustain the rationality of a statutory classification. A legislative choice is
 
 not subject to courtroom factfinding
 
 and may be based on
 
 rational speculation
 
 unsupported by evidence or empirical data”
 
 (id.
 
 [quoted case and internal quotation marks omitted]).
 

 Here, the State defendants submitted 1990 U.S. Census data from the 1996 New York State Statistical Yearbook (21st rev ed) demonstrating that median home values were approximately 3% higher in Sullivan County than in Monroe County — $93,400 to $90,700. The salary of a Family Court Judge in Sullivan County has been approximately 1% higher than plaintiffs’ salaries since October 1987 and has never been more than 1.96% higher than plaintiffs’ salaries
 
 (see,
 
 Judiciary Law §§ 221-d, 221-e). Therefore, the data illustrating the dif
 
 *720
 
 ference in median home values alone may provide a rational basis for the salary disparity
 
 (see, Henry v Milonas,
 
 91 NY2d, at 269,
 
 supra),
 
 if such data is properly before us.
 

 The census data from the State Statistical Yearbook, which, as noted above, we relied upon in
 
 Barr v Crosson
 
 (95 NY2d 164,
 
 supra), D’Amico v Crosson
 
 (93 NY2d 29,
 
 supra),
 
 and
 
 Henry v Milonas
 
 (91 NY2d 264,
 
 supra),
 
 is a proper subject of judicial notice because it is taken from public records
 
 (see, Matter of Siwek v Mahoney,
 
 39 NY2d 159, 163 n 2;
 
 Mackston v State of New York,
 
 126 AD2d 710, 711). Moreover, because this data reflects a legislative fact, as opposed to an evidentiary fact, its absence from the record does not prevent its consideration for the first time on appeal
 
 (see, Heller v Doe,
 
 509 US, at 320-321,
 
 supra).
 
 As we explained in
 
 Port Jefferson Health Care Facility v Wing
 
 (94 NY2d, at 291, 294,
 
 supra),
 
 the data is not subject to dispute or courtroom factfinding; indeed, any “effort to induce this Court to utilize evidentiary facts to counteract arguable legislative assumptions [would violate] the rule that a legislative choice is not subject to courtroom fact-finding.”
 

 We thus conclude that the census data is properly before us and provides a rational basis for the challenged provisions. Plaintiffs have failed to satisfy their heavy burden of proving that no reasonably conceivable state of facts supports the salary disparity. Our conclusion renders academic those portions of the parties’ appeal and cross appeals challenging the Fourth Department’s denial of prejudgment interest and determination that the back pay claims were not time-barred.
 

 Accordingly, the order of the Appellate Division should be modified, with costs to defendants, by granting judgment declaring that the salary disparity between the Family Court Judges in Monroe County and Sullivan County is constitutional and, as so modified, affirmed.
 

 Judges Smith, Levine, Ciparick, Rosenblatt and Graffeo concur in Per Curiam opinion; Chief Judge Kaye and Judge Wesley taking no part.
 

 Order modified, etc.