| **Diaz v City of New York** |
| 2024 NY Slip Op 30610(U) |
| February 27, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158210/2023 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. ARLENE P. BLUTH**                    PART                    14
                        *Justice*

--------------------------------------------------------------------------------X

JOHNNY DIAZ,

                               Petitioner,

                            - v -

CITY OF NEW YORK, NEW YORK CITY PENSION FUND

                          Respondents.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158210/2023 |
| MOTION DATE | 02/23/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 21, 22, 23, 24

were read on this motion to/for                       ARTICLE 78              .

Respondents' cross-motion to dismiss the petition is granted.

**Background**

This proceeding concerns petitioner's demand that he receive his police officer pension despite pleading guilty to two felonies. Petitioner contends that he worked for the NYPD for 20 years, "had great ties to the community" and that his performance as an officer was "exemplary" (NYSCEF Doc. No. 1, ¶¶ 4,5). He admits, however, that he was convicted of two felonies in 2018 and was subsequently fired from his job as a police officer as a result. Respondents observe that petitioner pled guilty to felonies for criminal possession of a controlled substance and for receiving a bribe. Petitioner acknowledges that he served four years in jail and alleges he is currently on probation.

He contends that he was fully vested in his pension benefits prior to his dismissal but received a letter from respondents denying him these benefits. Petitioner includes a letter dated April 18, 2023 in which respondent the New York City Pension Fund noted that because he was

158210/2023   DIAZ, JOHNNY vs. CITY OF NEW YORK ET AL
Motion No.  001

Page 1 of 6

[* 1]

convicted of a felony, the NYC Administrative Code required a forfeiture of his pension benefits (NYSCEF Doc. No. 2). The letter noted that he would, instead, receive a return of his contributions to the pension fund plus accumulated interest (*id*.).

Petitioner complains that the denial of his pension benefits violates the Equal Protection Clause because other civil service employees, such as firefighters or teachers, can still receive their pension even if they are convicted of a felony. He insists there is no rational basis for this different treatment.

Respondents cross-move to dismiss on the ground that the instant proceeding is untimely. They argue that the relevant date for the statute of limitations is August 14, 2018—when petitioner pled guilty to two felonies and when he was terminated. Respondents insist that he lost his right to receive a pension by operation of law on that date. They characterize his application for pension benefits in April 2023 as a mere inquiry into the status of his pension and not a basis to restart the statute of limitations.

With respect to the equal protection clause argument, respondents contend that police officers *and firefighters* (they too can lose their pensions if convicted of a felony) are treated differently from teachers and other civil servants because they take an oath of public service and are held to a higher standard of conduct. Respondents contend that the threat of losing a pension represents a legitimate government interest in deterring misconduct.

In reply and in opposition to the cross-motion, petitioner again insists his service for the NYPD was exemplary and that police officers should not be treated differently from other civil service employees. He claims that the instant proceeding is timely because it was commenced in response to the denial of his application for pension benefits. Petitioner insists that the oath he took for his position as a police officer is irrelevant.

158210/2023   DIAZ, JOHNNY vs. CITY OF NEW YORK ET AL
Motion No.  001

Page 2 of 6

2 of 6

[* 2]

## Discussion

In an Article 78 proceeding, "the issue is whether the action taken had a rational basis and was not arbitrary and capricious" (*Ward v City of Long Beach*, 20 NY3d 1042, 1043, 962 NYS2d 587 [2013] [internal quotations and citation omitted]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (*id.*). "If the determination has a rational basis, it will be sustained, even if a different result would not be unreasonable" (*id.*). "Arbitrary action is without sound basis in reason and is generally taken without regard to the facts" (*Matter of Pell v Board of Educ. of Union Free Sch. Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231, 356 NYS2d 833 [1974]).

## Statute of Limitations

The relevant section of the New York City Administrative Code provides that:

> "a member, other than a member to which article fourteen of the retirement and social security law is applicable, that has attained at least twenty years of creditable service in the retirement system shall forfeit the retirement benefits to which the member would otherwise be entitled if the member is convicted under the laws of the state of New York of a felony, or under the laws of another state or of the United States of an offense or crime which, if committed in the state of New York, would be a felony" (Administrative Code of City of NY New York City, N.Y., Code § 13-256.1[b]).

The question on this branch of the motion is when petitioner's time to contest the loss of his pension benefits began to run for purposes of the statute of limitations. The Court finds that limitations period began on August 14, 2018—the date when the police commissioner issued a "Final Order of Dismissal" for petitioner (NYSCEF Doc. No. 13). The relevant retirement procedure provides that:

158210/2023  DIAZ, JOHNNY vs. CITY OF NEW YORK ET AL
Motion No. 001

Page 3 of 6

3 of 6

[* 3]

 "Any member in city-service who shall have attained the minimum age or period of service retirement elected by him or her upon such member's own written application to and filed with the board setting forth at what time, not less than thirty days subsequent to the execution and filing thereof, he or she desires to be retired, shall be retired as of the date specified in said application, provided that at the time so specified for his or her retirement, his or her term or tenure of office or employment shall not have terminated or have been forfeited, provided further that upon such member request in writing the member shall be granted a leave of absence from the date of filing said application until the date the retirement becomes effective" (Administrative Code of City of New York § 13-246).

In the instant proceeding, the key requirement in the above provision is that the person applying for retirement "shall not have [been] terminated or have been forfeited."  Here, petitioner was fired more than four years prior to his application for retirement.  That means that his application for his pension benefits in April 2023 was, essentially, a nullity; he had no basis to request it because he was terminated prior to filing the application.

In other words, petitioner was not retired when he pled guilty (which is the same day he was fired).  He did not put in his papers to retire more than thirty days before he pled guilty; in fact, he did not put in his papers at all until after he got out of prison. The two above-cited Administrative Code provisions and the dismissal order make clear that petitioner forfeited his pension as a matter of law when he pled guilty in August 2018.

That petitioner filed an application for pension benefits after he was released from prison does not suddenly restart the limitations period.  The Court agrees with respondents that the 2023 letter from petitioner should be viewed as an inquiry into the status of his eligibility for pension benefits. Moreover, petitioner did not point to any case law that required respondents to issue a specific order about his pension benefits along with his dismissal.

158210/2023   DIAZ, JOHNNY vs. CITY OF NEW YORK ET AL
     Motion No.  001

Page 4 of 6

4 of 6

[* 4]

**Equal Protection Clause**

Even if the Court could consider the petition on the merits, the Court would grant the cross-motion to dismiss as petitioner did not state a cognizable cause of action based on an alleged equal protection clause violation.

"For equal protection purposes, classifications that do not target a suspect class or infringe upon a fundamental right must be upheld if the classification is rationally related to a legitimate State interest. . . . The party challenging the constitutionality of such a statute bears the heavy burden of demonstrating that no conceivable State interest rationally supports the distinction" (*Henry v Milonas*, 91 NY2d 264, 267-68, 669 NYS2d 523 [1998]).

The parties do not dispute that the above "rational basis test" applies to the instant statute. That is, the Court must ascertain whether petitioner met his burden to show that the state has no conceivable interest in mandating that police officers forfeit their pensions when convicted of a felony while other civil service employees do not. Petitioner wholly failed to meet his burden on this point.

Respondents included the bill jacket for the relevant Administrative Code Section (NYSCEF Doc. No. 14) which makes clear that the purpose was to ensure that long-term officers adhere to their oaths of office and uphold the public's trust. In fact, the discussion about this legislation mainly concerned whether or not police officers or firefighters who were merely dismissed (and not convicted of a felony) could retain their pensions. The materials centered on whether permitting such individuals to keep their pensions was justifiable; for instance, then Mayor Bloomberg opposed the law, in part, on the ground that it would allow officers to retain their pensions even if they were convicted of a misdemeanor (*id*. at 20 of 120). In other words,

158210/2023  DIAZ, JOHNNY vs. CITY OF NEW YORK ET AL
Motion No. 001

Page 5 of 6

5 of 6

[* 5]

there was little, if any, discussion about permitting officers to retain their pensions where they were convicted of a felony.

Of course, as respondents point out, that makes sense. They have a legitimate governmental interest in ensuring that police officers, who are entrusted with enormous power and discretion, abide by their oaths of office. Police officers are given government-issued weapons and are tasked with highly sensitive and critical job responsibilities. Simply put, petitioner failed to adequately explain why respondents were not entitled to treat police officers differently from other civil servants who are not similarly situated. Instead, petitioner's argument merely points out that police officers are treated differently. But, as noted above, the government can do that as long as there is a legitimate state interest in that disparate treatment. Here, there are numerous reasons based on the very nature of working as a police officer and respondents' stated goal of deterring misconduct.

Accordingly, it is hereby

ORDERED that the cross-motion to dismiss is granted; and it is further

ADJUDGED that the petition is denied, this proceeding is dismissed and the Clerk is directed to award costs and disbursements in favor of respondents and against petitioner upon presentation of proper papers therefor.

| 2/27/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |
| CHECK ONE: | [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
| | [ ] GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [X] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

158210/2023   DIAZ, JOHNNY vs. CITY OF NEW YORK ET AL
Motion No.  001

Page 6 of 6